[No. 363.    Decided June 13, 1892.]

GIDEON T. HEDRICK, *Appellant,* v. THE ILWACO RAILWAY AND NAVIGATION COMPANY, *Respondent.*

DEATH BY WRONGFUL ACT—ACTION BY ADMINISTRATOR DOES NOT BAR ACTION BY FATHER.

A father may maintain an action for the death of his child, under Code 1881, § 9, although the administrator of the child's estate may have, theretofore, recovered judgment against the same defendant for causing the child's death by wrongful act or neglect.

*Appeal from Superior Court, Pacific County.*

The facts are stated in the opinion.

*Watson, Hume & Watson,* for appellant.

*Fulton Bros.,* for respondent.

The opinion of the court was delivered by

ANDERS, C. J.—Appellant brought this action against the respondent to recover damages for loss of services, during minority, of his son, Franklin G. Hedrick, aged five years and seven months, whose death, it is alleged, was caused by the negligence of respondent. The sufficiency of the complaint was not questioned, but the defendant, as a defense to the action, pleaded that the plaintiff, as administrator of the estate of the deceased, had previously recovered a judgment of $2,000 against the defendant for the death of his child, and that the same had been paid. A demurrer was interposed to this defense, which the court overruled, and the plaintiff declining to reply, a judgment dismissing the action was entered, from which the plaintiff appealed.

The action was brought under § 9 of the Code of 1881, which reads as follows:

"SEC. 9. A father, or in case of the death or desertion of his family, the mother, may maintain an action as plaintiff for the injury or death of a child, and a guardian for the injury or death of his ward."

Sec. 8 (Code 1881) provides that—

"The widow, or widow and her children, or child or children, if no widow, of a man killed in a duel, shall have a right of action against the person killing him, and against the seconds and all aiders and abettors. When the death of a person is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person

,causing the death; or when the death of a person is caused
;by an injury received in falling through an opening or de-
:fective place in any sidewalk, street, alley, square or wharf,
his heirs, or personal representatives may maintain an ac-
tion for damages against the person whose duty it was at
the time of the injury to have kept in repair such side-
walk or other place. In every such action the jury may
give such damages, pecuniary or exemplary, as, under all
,circumstances of the case, may to them seem just."

That portion of § 8 relating to damages for the death of
a person killed in a duel, as well as §§ 9 and 717 of the Code
of 1881, were originally adopted as parts of the practice
act of 1873,.and were designated respectively as §§ 8, 9 and
656 of that act. But the remaining portion of § 8 was not
enacted until 1875, and was then designed by the legisla-
ture to follow § 8, as a new and distinct section. See act
of November 12, 1875, § 4. Subsequently this "new sec-
tion" was consolidated with the previous § 8, and with it
now constitutes § 8 of the Code of 1881, as above set forth.
(Sec. 138, Code Proc.)

In *Graetz v. McKenzie*, 3 Wash. 194, this court held that
this additional section adopted in 1875, being a later
,statute, and irreconcilably in conflict with said § 656, re-
pealed the latter and also § 717 of the Code, which was
but a continuation thereof, and not a new enactment.
The only question, therefore, to be determined on this
appeal is, whether a parent has a right to recover dam-
ages for the death of a child, separate and distinct from
that conferred upon the heirs or personal representatives
by § 8 of the Code of 1881.

It is settled beyond controversy that, at common law, no
civil action could be maintained for damages resulting from
the death of a human being. But that defect of the
common law has been obviated by statute in the several
states analogous to the English statute, commonly known as
Lord Campbell's act (9 and 10 Vic. c. 93), though often

varying more or less from its provisions, especially as to the party entitled to maintain the action. The object and purpose of these statutes is to provide a remedy whereby the family or relatives of the deceased, who might naturally have expected maintenance or assistance from the deceased, had he lived, may recover compensation from the wrongdoer commensurate with the loss sustained. Usually the right of action, as in Lord Campbell's act, is given to the executor or administrator, and the sum recovered inures to the benefit of the particular individuals designated by the statute. In this state, as has been seen, under § 8, the heirs or personal representatives may maintain the action, and unless § 9 was, as respondent contends, repealed by the amendatory act of 1875, a parent may also maintain an action as plaintiff for the injury or death of a child.

It is claimed by respondent that an action for the death of a person caused by the wrongful act or neglect of another, can only be maintained by the heirs or personal representatives of the person killed, and that § 8 repeals § 9, which was a part of the statute of 1873. Repeals by implication are not favored, and, in the absence of express legislative declaration, the courts will not declare that one section or provision of a statute repeals another, unless the two are incapable of being reconciled with each other. To our minds, these two sections are not necessarily inconsistent, and we do not think it was the intention of the legislature to repeal either § 8 or § 9 of the act of 1873 by the act of 1875. As the law then stood, the personal representatives of one whose death was wrongfully caused, had a right of action for the resulting damages. And the latter act creates no new liabilities, and does not purport to take away any right of action already given, but it confers a right of action upon the heirs, as well as the personal representatives of the deceased, and provides that the jury may give such damages, pecuniary or exemplary, as, under

all the circumstances of the case, may to them seem just. These provisions worked a repeal of § 656 of the act of 1873, but we are unable to discover any intention on the part of the legislature to abrogate any other portion of the existing law upon this subject.

A parent at common law could maintain an action for damages for loss of services of his minor child from the time of the injury until death, where death did not immediately follow the injury; and the object of the statute is to create a new and independent right of action for the loss of services subsequent to the decease of the child, which did not exist at common law. And this right is separate and distinct from that of the heirs or personal representatives. Two actions may thus spring from the same wrongful act, because two distinct injuries are thereby inflicted. But the actions are prosecuted in different rights and the damages are given upon different principles. The damages recovered by a parent for loss of services of a child belong to the parent in his own right and are not distributable among the heirs, and do not become a part of the estate of the deceased. The measure of damages in such cases is the value of the child's services from the time of the injury until he would have attained the age of majority, taken in connection with his prospects in life, less the cost of his support and maintenance. To this may be added in proper cases the expense of nursing and medical treatment, and in some jurisdictions even funeral expenses. See *Mayhew v. Burns*, 103 Ind. 328, *Louisville, etc., R. R. Co. v. Goodykoontz*, 119 Ind. 111, 12 Am. St. Rep. 371; *Rains v. St. Louis, etc., Railway Co.*, 71 Mo. 164; 36 Am. Rep. 459, 2 Thomp. on Negligence, 1292.

Under the California statutes, which are almost identical with ours, the father, and under certain contingencies the mother, may maintain an action for the injury or death of a minor child. See *Durkee v. C. P. R. R. Co.*, 56 Cal. 388,

38 Am. Rep. 59.   And in Iowa and Indiana, under statutes but slightly variant from our own, the same rule obtains. See *Walters v. Chicago, etc., R. R. Co.*, 36 Iowa 458; *Mayhew v. Burns, supra; Louisville, etc., R. R. Co. v. Goodykoontz, supra.* In the latter case it is held that no one but a parent can claim to be damaged by the death of a minor, "because the injury is to the person entitled to the child's services, and not to the minor's estate;" and we think this construction of the statute is eminently a reasonable one, and equally applicable to our statute. The same rule is laid down in *Walters v. Chicago, etc., R. R. Co., supra*, and it is there held that damages for the death of an infant are recoverable by the administrator only for injury accruing to the estate of the infant after he would have attained majority.

We conclude, therefore, that the judgment in the action brought by the plaintiff, as administrator, is no bar to this action. The judgment of the court below is reversed and the cause remanded, with directions to sustain the demurrer.

STILES, SCOTT and DUNBAR, JJ., concur.