Spear, J.
It will be observed that the question of difference is not whether or not the acts of negligence alleged and relied upon in the two actions were identically the same, but rather whether or not the cause of action in the case upon trial was the identical cause of action set up in the first suit and adjudicated by the final judgment therein. *399 It is the contention of counsel for the plaintiff in' error that not only were the negligent acts identically the same but that the causes of action were also identically the same, and that, this being so, the prosecuting of the deceased woman’s cause by her • administrator in the revived action, and the final judgment and satisfaction thereof, must have- precisely the same legal effect as though Mrs. Baird had lived and had herself prosecuted her action to final judgment, because the administrator, being her personal representative, must be held to have succeeded to all rights which she had, and to stand in all respects regarding that action as she did before suit- had she herself recovered judgment in the case. Nor, say the learned counsel, could the administrator, by disclaimer, or by any- attempt to waive his right to recover any item of damages which he was entitled to recover in that action, limit the effect of the final judgment as a bar to a second action, the causes of action being, as before stated, identically the same. So that the disclaimer by the administrator before trial of all claims for damages made by the deceased in her petition except for pain and suffering endured by her from the time of the accident until her death cannot have the effect of permitting any omitted grounds of damage to be tried in another action, for a party must unite all his claims for damage arising from the same transaction in one suit against the party and cannot split them up and try some in one case and others in a subsequent case. And this view was sustained by the court of common pleas in its holding in sustaining *400 the'demurrer to the reply and rendering judgment against the plaintiff.
It is, however, the contention of defendant in error that Alice M. Baird had a common law cause of action existing at the time of her decease, which by the statute survived and might be prosecuted as it was prosecuted after revivor by her administrator to recover such damages and' such only as she herself had sustained by reason of the injury for the benefit only of her estate, while the second action, although by the same administrator, was not in any sense for the injury she had sustained, not for pain or suffering, not for the benefit of her estate, but solely and only for the benefit of her next of kin, whose loss was caused by her death and whose damages were to be measured by the pecuniary loss which they had sustained by reason of such death. And this contention was sustained by the circuit court in its judgment of reversal.
Which of these contentions is the law of the case is the question presented to this court.
By the rules of the common law the action pending at the time of Mrs. Baird’s death, and her cause of action, would have abated by reason of her death, but the provisions of sections 4975 and 5144, Revised Statutes, changed the common law rule in those respects. Those sections are as follows: “Sec. 4975. In addition to the causes of action which survive at common law, causes of action for mesne profits, or for injuries to the person or property, or for deceit or fraud, shall also survive; and the action may be brought notwithstanding the death of the person entitled or liable *401 to the same.” “Sec. 5144. Except as otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except an action for libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of either party.” The right of the administrator, therefore, to recover in the revived action rested upon the common law right of action inhering in the injured person, and the preservation of that right in the administrator by virtue of the sections above quoted. The right to maintain the action brought by the administrator in the interest of the next of kin rests upon sections 6134 and 6135, Revised Statutes, the pertinent parts of which are as follows: “Sec. 6134. Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the corporation which, or the person who would have been liable if death had not ensued, or the administrator or executor of the estate of such person, as such administrator or executor, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to murder in the first or second degree, or manslaughter; and when the action is. against such administrator or executor the damages recovered shall be a valid claim against the estate of such *402 deceased person.” “Sec. 6135. Every such action shall be for the exclusive benefit of the wife, or husband, and children, or if theré be neither of them, then of the parents and next of kin of the person whose death shall be so caused; and it shall be brought in the name of the personal representative of the deceased person; and in every action the jury may give such damages, not exceeding in any case ten thousand dollars, as they may think proportioned to the pecuniary injury resulting from such death, to the persons respectively for whose benefit such action shall be brought. Every such action shall be commenced within two years after the death of such deceased person; * * * the amount received by such personal representative, whéther by settlement or otherwise, shall be apportioned among the beneficiaries, unless adjusted between themselves, by the court making the appointment in such manner as shall be fair and equitable, having reference to the age and condition of such beneficiaries and the laws of descent and distribution of personal estates, left by persons dying intestate.”
The question in our case, therefore, centers around the construction to be placed upon and the effect to be given to the foregoing sections of the statute. Did the lawmakers, by this legislation, intend to preserve from abatement the right of the administrator to recover damages for the benefit of the estate where the party injured died from the effect of the wrongful act and as a consequence of it, and also to create a new and independent right of action to be enforced by the administrator for the benefit of the next of kin *403 with the right to recover damages for their pecuniary loss sustained by the decease of the injured person? It is the insistence of counsel that such was not the intention. The sections quoted, it is urged, do not at least in language undertake to preserve from abatement causes of action for injuries to the person where the injured person dies directly in consequence of the injuries inflicted, and when it is remembered that in the same act provision is made for a right of recovery for the benefit of those named in section 6135, it becomes apparent that the general assembly only intended to preserve causes of action where the injured person died from a cause other than that of the injuries inflicted. .If the intention had been otherwise the addition of a very few words would have made that intention clear. It results from this that, taking the sections all together, the real purpose was to provide that where a party is injured by such wrongful act and dies directly in consequence thereof, his cause of action abates, and that eo instanti a cause of action arises and vests in the persons named in the statute to be prosecuted by the administrator for their sole benefit; and if the injured party has commenced an action upon his cause of action and pending that dies in consequence of his injuries his action abates; and if the injured party dies from, a cause other than his injury, his cause of action survives and may be-prosecuted by his administrator; or if he has commenced an action upon his cause of action and dies pending the action from a cause other than his injury, his action may be revived in the name of and be prosecuted tq final judgment by *404 his administrator; and that if he dies and his administrator commences and prosecutes to final judgment an action upon his cause of action, and receives payment of such judgment,, or if he dies pending an action which he has brought against the wrongdoer, and the action is revived by order of the court in the name of the administrator and prosecuted to final judgment which is fully paid, then and in that event, the record of such action is conclusive upon the administrator in an action brought by him against the wrongdoer under favor of sections 6134 and 6135, Revised Statutes, upon all questions necessarily involved in that action, and among others, upon the question that he, the decedent, did not die in .consequence of the wrongful act, neglect or default of the wrongdoer.
These propositions are urged by an ingenious and persuasive argument, and a number of authorities are called, to our attention which, to a greater or less extent, tend to support the claims of counsel, some of which will be here referred to. It is presumed that in the main the statutes involved giving a right of action for the benefit of the next of kin are similar to the statutes of this state. Legg, Admr., v. Britton, 64 Vt., 652, was an action for the benefit of the widow and next of kin for the wrongful act of defendant resulting-in the death of plaintiff’s intestate. The defendant pleaded that the intestate in his lifetime began suit for the same neglect and deceased while the suit was pending, and that the administrator prosecuted the same to'judgment which was paid. The plaintiff replied that the damages recovered and paid in that suit were for the injuries done the *405 intestate during his lifetime, and did not include the damages occasioned his widow and next of kin by his death. The court sustained a demurrer to this reply and held such judgment a bar to a second suit although the damages awarded in the first suit were solely for the injuries to the deceased person in his lifetime. In Littlewood, Admx., v. Mayor, etc., 89 N. Y., 24, it is held that when one injured by the wrongful act of another brings suit and recovers damages, in case death subsequently results from the injury, his personal representative cannot maintain an action, the object of the statute being not to impose a double liability, but simply to give a right of action where a party, having a good cause of action, was prevented by death resulting from the injury from enforcing his right or omitted in his lifetime so to do. In Lubrano, Admr., v. Atlantic Mills, 19 R. I., 129, it is held that the actions for damages to the person which survive are such only as are for injuries not resulting in death, and in cases where death results from the injury the only remedy is an action for damages for such injuries as might have been maintained at common law had death not ensued. In Hill v. Penn. Rd. Co., 178 Pa. St., 223, it is held that, under the statutes of Pennsylvania, a widow has no independent right of action for the death of her husband caused by the negligence of another which the husband could not release in his lifetime after the injury. In Holton v. Daly, Admx., 106 Ill., 131, it is held that, under the statute of Illinois of 1853, which gives an action to the legal representative of a deceased person to recover damages in case *406 the death of the intestate was caused by the wrongful act of another, the cause of action is the wrongful act causing the death and not merely the death itself. In such case the declaration must aver and the proof show a wrongful act causing-the death under such circumstances as would entitle him to maintain an action if death had not ensued. No damages can be allowed for the pain and suffering the deceased underwent, and his inability to attend to his affairs and for medical attendance and nursing, but only such as arise from pecuniary loss to the widow and next of kin. An action brought by the party injured, where injury results in his subsequent death before judgment, does not survive to his personal representative, but will survive if his death is from some other and different cause. In Martin, Exr., v. Ry. Co., 58 Kan., 475, it is held that for an injury resulting in death an action can be maintained only for the next of kin. If death results from the injury an action cannot be maintained for the benefit of the estate; but where the injured person dies from other causes’ an action for personal injury survives to the personal representative.
The foregoing conclusions of counsel .seem reasonable deductions providing it is assumed that the legislation of this state has, not given two distinct grounds of action where death results from the injuries. But. that is the very question involved in this cáse.
In support of the proposition that two rights of action are given even though death results from the injuries a number of authorities are called to our attention by the learned counsel for *407 defendant in error, some of which will be here noticed. It is conceded that our death statute, so called, sections 6134-6135, is a substantial reproduction of the English statute known as Lord Campbell’s act. That act has received construction by a number of adjudications by the courts of .that country. Leggott, Admr., v. G. N. Ry. Co., 1 Q. B. Div., 599, was an action to recover for negligence on account of inability to attend to business, loss of time and expense incident to the injuries. Defense that after the death plaintiff as L.’s administrator, for the benefit of .the wife and children, sued defendant in respect of the injury caused to them by his death and recovered. Held that the second action was not barred by the judgment; that although the administrator nominally is the plaintiff, yet is not suing in the two actions in the same right, the present one being for the benefit of the estate of the deceased while the former action was under the statute and for the benefit of the persons therein named. In Bradshaw v. L. & Y. Ry. Co., 10 L. R. C. P., 189, where a passenger was injured by accident and after an interval died in consequence, it is held that an action might be maintained for damage to personal estate arising from loss' in inability to attend to business, medical expenses, etc.; that the action is for breach of contract accruing in his lifetime but which ultimately caused his death, and does not come under Lord Campbell’s act, the intention of that act being to give the personal representative the right to recover as trustee for the benefit of the children or other relatives for loss by reason of the injured person’s death, and *408 not to affect any existing right belonging to the personal estate in general. In Robinson v. C. P. Ry. Co. (1892), A. C., 481, the House of Lords held that the action authorized by Lord Campbell’s act is a different action from that which might have been maintained by the deceased if he had survived, and is a new action given by the statute. Without citing further cases it may be safely assumed that the settled law of England to-day is in consonance with these adjudications. Coming now to adjudications in our own country we find many which in substance are of like import. In Whitford v. P. Ry. Co., 23 N. Y., 465, it is held that the statutes are not simply remedial but create a new cause of action in favor of the personal representative which is wholly distinct from and not a revivor of the cause of action which, if he had survived, he would have for his bodily injury. In V. & M. Rd. Co. v. Phillips, Admr., 64 Miss., 693, it is held that an administrator may maintain any personal action which the decedent might have prosecuted, including damages for an injury inflicted by a railroad company which resulted in the death of such decedent, and such right of action is distinct from and independent of the right given by statute to the next of kin to recover for the death of the person caused by the wrong of another. In Putman v. S. P. Co., 21 Ore., 230, it is held that a mother during the continuance of the relation of parent and child may maintain an action in her own right for damages caused by the death of her child, while the personal representative of the deceased is given a right to recover for any injur)*- which the estate may have sus *409 tained. In Davis v. Railway, 53 Ark, 117, it is held that under the statute of Arkansas which provides that all actions for wrongs done to the person of another may, after his death, be brought by his personal representative for the benefit of his estate, such action may be prosecuted at the same time with one for the benefit of the widow and next of kin for pecuniary loss sustained by the death, and a recovery in one action will not be a bar to a recovery in the other. In Belding v. B. H. & F. P. R. Co., 3 S. D., 369, it is held that the statute of South Dakota, which provides that if the life of any person shall be lost the personal representative may institute suit to recover damages in the same manner that the person might have done for any injury when death did not ensue, is a survival statute, and the only damages recoverable are such as the estate has sustained but not for the loss of life. The section giving the right to the representative to recover for the loss of the life creates a new cause of action and is for the exclusive benefit of the persons named in the statute. In Hedrick v. I. R. & N. Co., 4 Wash., 400, it is held that under the statute of Washington a father may maintain an action for the death of his child although the administrator of the child’s estate may have theretofore recovered judgment against the same defendant for causing the child’s death by wrongful act or neglect. In Bowes v. Boston, 155 Mass., 344, it is held that an administrator of a person injured by defect in the highway, who after an interval dies of his injuries, may maintain an action to recover for the injuries for the benefit *410 of the estate, and at the same time a second action for the loss of life for the benefit of the widow and children or next of kin. In Brown, Admr., v. C. & W. Ry. Co., 102 Wis., 137, it is held that the liability created by the statutes of Wisconsin in the case of the death of a person by an actionable injury for which such person could have recovered damages if death had not ensued, is for the benefit of certain relatives named in the statute. Actions for injuries to the person survive although death ensue from the injury. Such action is separate and distinct from the loss to surviving relatives; and if a person die from the effects of an actionable personal injury, not having received satisfaction for his damages, action therefor for the benefit of his estate may be prosecuted to satisfaction after his death. Without quoting from or citing other cases it is safe to say that the preponderance of judicial decision in this country favors the proposition of two independent rights of action.
Coming to our own state we find that questions analogous to those involved in. this controversy have been before this court in a number of cases. The general nature of the action authorized by sections 6134 and 6135, . and the character of the compensation justified, are quite fully and intelligently set forth in Steel, Admr., v. Kurtz, 28 Ohio St., 191. The same phases are emphasized in Russell v. Sunbury, 37 Ohio St., 372, and the distinction between the ground of recovery where action is brought by the injured person and an action by a representative for the benefit of the next of kin is clearly set forth, and the plain inference would *411 seem to be that the action by the representative for the next of kin is an independent right given by statute and not affected by an action by the same representative in the interest of the estate. The court held in that case that the action abated by the death of the defendant. That decision was rendered in 1881. Coming to amend the statute respecting the survival of pending actions and of causes of action a few years after this decision, the general assembly then provided (90 O. L., 140), that causes of action for injuries to the person should survive, and further provided that where a deceased defendant would have been liable had he lived his executor or administrator shall be liable-and any judgment recovered shall be a valid claim against the estate. Had the opinion in the above cited case not been in accord with the intent of the lawmaking body as already expressed in the statutes it would have been a most natural thing to amend the statute also in that particular. No such amendment appears. On the contrary, the right of the administrator is made more ample. But beyond this, the above mentioned act, entitled an act to amend sections 4975, 5144 and 6134 of the Revised Statutes, is a re-enactment of those sections except as hereinbefore stated, and except that the words “assault, or assault and battery” are left out of section 5144. The act comes to us, therefore, as the last expression of the legislative will. In one section, recognizing the common law right of action for wrongful injuries to person, it extends the remedy, and in another section accords a separate and independent right in favor of the persons named in *412 the statute. Is it not reasonable to conclude that had it been the intention to cause a, recovery in one case to be a bar to a recovery in the later case some expression of that purpose would have been given ?
The case of O. & P. Coal Co. v. Smith, Admr., 53 Ohio St., 313, is also in point. That suit grew out of an action commenced November 10, 1892, by one Henry Davidson against the coal company to recover for personal injuries received by reason of the alleged xxegligence of the company during the pendency of Which the plaintiff died. On motion of his administrator, Smith, he was substituted as plaintiff and the action was revived in his name, and proceeded to final judgment, the damages being for loss of time occasioned by his injuries, the value of his services for such loss of time, and the physical suffering he sustained by reason of his injuries. The pleadings are silent as to the cause of the death, but it appears by the briefs of counsel on both sides that an action had been commenced by the administrator under section 6134 and was pending at the time.of the trial of the revived action. The legal question principally argued related to the contention of the company’s counsel that the action abated by the death and did not survive, but this court held that the action was not within any of the enumerated exceptions of section 5144, and was properly revived, the syllabus being in this language: “A pending action to recover damages for injuries caused by the negligence of the defendant does, not abate by the death of the plaintiff.” It would seem that if the cause of the death had been, deemed an import *413 ant factor in determining the case the language of the syllabus would have been qualified in a way to recognize the distinction. On the contrary, it is sweeping and unqualified.
Attention may properly also be called to the case of the plaintiff in error herein against the same administrator, in this court, 70 Ohio St., 469, which was an error proceeding growing out of the controversy arising in the revived action. The pleadings in the case do not show that the cause of the death of Mrs. Baird was made an issue in the case, but the record does show that at the close of the testimony counsel for defendant moved the court for a directed verdict on the ground that plaintiff claimed that decedent’s death resulted directly from injuries received from the collision. This motion was refused. Defendant’s counsel then requested the court to instruct the jury that plaintiff could not recover if the jury should find that the injuries received by the deceased were the sole cause of her death. This was refused, and the court thereupon charged the jury, among other things, that “it is claimed here that Mrs. Baird died as a direct result of the injuries received in this collision;” and, in speaking of damages, the court instructed that there can be no compensation given for Mrs. Baird’s death “even if it appear to you that the cause of her death was this negligent injury.” So that the question was full)'- made at the trial and as all exceptions were preserved by the Company’s counsel the question was in the record in the circuit court and in this court. The affirmance means in law that the trial court did not err in this respect, and *414 the record showing that the administrator’s whole case rested upon a right to prosecute the action commenced by his decedent, the affirmance means farther that, in the judgment of this court, such a pending action survived although the deceased died from the injuries received from the wrongful acts of the defendant Company. Had the court been of opinion that the fact of death arising from the injuries received concluded the case against the plaintiff below, it would have been its duty, and it seems certain that it would, have reversed instead of affirming the judgment of the courts below.
It is manifest from the foregoing that the revived action and the later action are not the same. They rest primarily upon the same alleged negligence of the defendant and the same absence of contributory negligence of the injured perspn, but in the revived action the damages are for personal injuries to the injured person for which an action would lie if death had not ensued, and such damages to enure when recovered to the benefit of the estate, while in the later action the suit is prosecuted in the interest of other parties and the measure of damages is the pecuniary loss they have sustained by the death. In the later case death gives the right of action under the statute, while, had the pending action not been susceptible of being revived, the death would have terminated the right to recover in the interest of the estate. Another significant distinction should be observed. In a suit by the injured party there is no limit by statute to the amount of recovery, and as to the time for commencement of suit the action is *415 controlled by the general statute of limitations, while in the suit for those named in section 6135 the damages can not exceed ten thousand dollars, and the action must be commenced within two years after the death of the deceased person.
It is insisted that these sections of the statute are innovations upon the principles of the common law and should be strictly construed. This is true and the rule is recognized, but the policy and purpose of the statute are not to be ignored, and if they can be gathered, as we think they can, from the language used, it is the duty of courts to uphold and enforce them. It may be readily conceded that the sections, taken as a whole, are not free from ambiguity. But if one expects to find the statute laws perfect and harmonious, and free from all ambiguity, that person' will be sadly disappointed.
Attention is directed to some language in the opinion in Helman,. Admr., v. P., C., C. & St. L. Ry. Co., 58 Ohio St., 400, and the claim is made that it tends to sustain the contention of plaintiff in error in this case. We are not quite certain that we understand the force of the language quoted from the opinion, but the. principle of the case itself is easily comprehended. The syllabus is to the effect that in an action under sections 6134 and 6135 it is competent for the defendant to prove what the deceased said after the injury tending to show that the injury was caused by his own fault; and that is the whole case. The reason is obvious. If the accident was due in whole or in part to the deceased’s want of care, he could not have recovered if death had not en *416 sued, and, as certainly, by force of the language of the statute itself, his administrator, no matter in whose interest he sued, could not recover.
It is insisted, further, that the theory of two causes of action will necessarily result in the assessment of double damages, at least in part, and this is emphasized by the learned judge who delivered the opinion in Holton v. Daly, supra. We are not able to perceive that this in practice would prove a very serious situation. At least the eminent jurist who presided in the common pleas at the trial of the revived action seemed to have no difficulty in giving to the jury a rule as to damages which, as it seems to us, would not embarrass the question of a proper rule of damages to be given the jury upon the trial of the second action. The objection is a plausible one. We are not impressed that it is sound. At least it can not avail if the right to a second action where death results from the injuries is given by the statute.
After much reflection and an extended examination of authorities we are reasonably satisfied that, under the sections of the statute quoted, the personal representative is given the right to maintain an action for the benefit of the persons enumerated in section 6135, commonly denominated the next of kin, based upon the negligent acts which caused the injury subject to the condition expressed in section 6134, viz.: that the circumstances of the injury were such as would if death had not ensued have entitled the party injured to maintain an action, although the injury was the sole and direct cause of the death, and although the same personal representative had prosecuted *417 to final judgment and satisfaction a suit begun by the deceased in her lifetime to recover in the interest of her estate.
Finding no error in the judgment of the circuit court the same will be

Affirmed.

Shauck, C. J., Price, Crew, Summers and Davis, JJ., concur.