[No. 9361. Department One. June 9, 1911.]

CHARLES R. OTEY, *Appellant*, v. E. H. BRADLEY, *Respondent*.[1]

PARENT AND CHILD—INJURIES—MALPRACTICE—ACTION BY PARENT— LOSS OF SERVICES—EXPENSE. A parent may maintain an action for malpractice in treating his minor son, whereby he incurred expense for treatment and suffered loss of services.

PLEADING—COMPLAINT—DEMURRER. A complaint stating any cause of action is not demurrable for want of sufficient facts because it attempts to state another cause of action which plaintiff is not entitled to maintain.

PARENT AND CHILD—INJURIES—ACTIONS—JOINDER—PARTIES. There is no defect of parties plaintiff or misjoinder of causes, in an action brought for malpractice in the treatment of plaintiff's minor son without joining the son, where the plaintiff states but one good cause of action in his favor for expenses incurred and loss of service, although other allegations show that the son also has a cause of action, he being a stranger to the suit.

Appeal from a judgment of the superior court for King county, Gay, J., entered October 11, 1910, dismissing an

[1]Reported in 115 Pac. 1045.

action for malpractice, upon sustaining a demurrer to the complaint. Reversed.

*Blaine, Tucker & Hyland,* and *Robert C. Saunders,* for appellant.

*Bo Sweeney,* for respondent.

PARKER, J.—This appeal involves the correctness of the rulings of the trial court in sustaining the defendant's demurrer to the plaintiff's complaint and dismissing the action upon his election not to amend. The complaint is as follows:

"Plaintiff complains of defendant and alleges:

"(1)    That Oliver S. Otey, age five is his minor son.

"(2)    That on or about the second day of Sept., 1909, said Oliver S. Otey by accident broke or fractured his arm.

"(3)    That plaintiff then employed defendant, who is a physician and surgeon, as such surgeon, for reasonable reward to be paid therefor, to set, treat and heal the same.

"(4)    That defendant so negligently and unskillfully conducted himself in attempting to set, treat and heal the said arm that permanent deformity of the forearm and hand, a partial paralysis of the ulna and radial nerve, a permanent stiffening and enlargement of the wrist, a permanent stiffening of the fingers in a bent position, a permanent paralysis and atrophy of the nerves feeding the flexing muscles and tendons of the wrist and fingers, and a permanent crippling and uselessness of said forearm and hand ensued.

"That by reason of said negligence and unskillfulness plaintiff's minor son was made sick and plaintiff has been compelled to pay, and has paid, ninety dollars expense for medical treatment and nursing for his said minor son, and will be compelled to pay a large sum to wit five hundred dollars for further medical treatment and nursing in order to partially save the forearm and hand of his said son, who is permanently a cripple, and did pay defendant for his said negligent and unskillful treatment the sum of twenty-five dollars, which was totally lost to this plaintiff, and has lost the services of his said minor son until he shall come of age, and will be put to great expense, cost and trouble to rear and bring up said minor son in his said crippled condition, which he would not otherwise have incurred, and that his said

minor son has suffered, and will continue to suffer throughout the period of his natural life, great bodily and mental pain and distress and great humiliation, shame, discomfort, inconvenience and disadvantage because of his said permanently deformed and crippled condition, and will have his earning capacity greatly impaired and limited thereby throughout all of natural life after he shall become of age, all to the damage of the plaintiff and his minor son in the sum of fifteen thousand dollars ($15,000).

"Wherefore plaintiff demands judgment against defendant for the sum of fifteen thousand dollars ($15,000) together with his costs and disbursements herein."

The grounds of demurrer are as follows:

"(1)      That there is a defect of parties plaintiff.

"(2)      That several causes of action have been improperly united.

"(3)      That the complaint does not state facts sufficient to constitute a cause of action against this defendant."

That the complaint states a cause of action in favor of appellant, in so far as it alleges expense for treatment of the son and loss of his services, seems quite clear. *Harris v. Puget Sound Elec. R. Co.*, 52 Wash. 298, 299, 100 Pac. 841. And the fact that other allegations of the complaint may show an attempt on the part of respondent to recover upon a cause of action which he is not entitled to maintain, does not render his complaint defective as against a demurrer upon the ground of no cause of action. *Peterson v. Pantheon Lumber Co.*, 62 Wash. 189, 113 Pac. 562. As to this ground, therefore, the demurrer is not sustainable.

It is contended by counsel for respondent that the demurrer was properly sustained under our holding in *Johnson v. Seattle Elec. Co.*, 39 Wash. 211, 81 Pac. 705. If the son had joined as plaintiff in this action, there would be some basis for such contention, under that decision, for then there would have been an attempt by two different parties to sue jointly upon their separate claims, as in that case. We have no concern here with any cause of action the son may have against respondent, since the son is a stranger to this action.

If the allegations show that the son has a cause of action against respondent, it is a cause upon which appellant cannot recover. We are unable to discover in the allegations of the complaint more than one good cause of action in appellant's favor. He is entitled to maintain this cause without joining any one with him as plaintiff, hence, there is not a defect of parties nor a misjoinder of causes. *Times Publishing Co. v. Everett*, 9 Wash. 518, 37 Pac. 695, 43 Am. St. 865.

The judgment is reversed, with directions to overrule the demurrer.

DUNBAR, C. J., MOUNT, FULLERTON, and GOSE, JJ., concur.