[No. 34683. Department One. February 13, 1959.]

JAMES C. JAY *et al.*, *Respondents*, v. WALLA WALLA COLLEGE, *Appellant*.[1]

[1]Reported in 335 P. (2d) 458.

*Allen & Johnson,* for appellant.

*Minnick & Hahner,* for respondents.

OTT, J.—February 10, 1957, while James Jay, a third-year chemistry student at Walla Walla College, was conducting an authorized experiment in the analytical laboratory in the basement of the college chemistry building, he heard the sound of a small explosion in the organic laboratory across the hall. He entered that laboratory and saw two students attempting to quench the flames of a fire with a fire extinguisher. Jay picked up an extinguisher lying on the floor in the hallway, re-entered the room, and attempted to use the extinguisher on the fire, but the extinguisher was empty. While Jay was attempting to use the empty extinguisher, a violent explosion from the materials used in the experiment occurred directly in front of him. The explosion was heard several blocks way, and was of such force that most of the windows in the brick veneer building were broken. The three persons in the room were injured by flying fragments of glass. The retina of Jay's left eye was punctured and required surgery.

Jay brought this action against the college for damages suffered as a result of the explosion. In his complaint, he alleged that the college was negligent (1) in failing to provide adequate supervision of the laboratory, and (2) in failing to provide and maintain properly serviced fire extinguishers. The defendant's answer denied liability and af-

firmatively pleaded, as a defense, contributory negligence and the doctrine of *volenti non fit injuria*.

The cause was tried to a jury, which returned a verdict for the plaintiff. The defendant college appeals.

The appellant challenges the sufficiency of the evidence to support a finding of its negligence.

The experiment involved the use of ethylene ether and other highly flammable gases. After two fires had occurred previously during the same experiment, Dr. Bowers, the instructor in charge of the class, was called from his office on the second floor. He examined the equipment and materials used in the experiment and told the student performing it to apply less heat to the experiment. Dr. Bowers then returned to his office. The third fire and the explosion which caused the injuries occurred shortly thereafter.

■ The evidence was conflicting as to what constituted adequate supervision of such an experiment, some witnesses contending that the supervision afforded in the instant case was sufficient and others contending that it was insufficient. The enumerated facts posed a jury question as to both the standard of care required and whether that standard had been met. See *Holmes v. Toothaker*, 52 Wn. (2d) 574, 328 P. (2d) 146 (1958); *Brigham Young University v. Lillywhite*, 118 F. (2d) 836, 137 A. L. R. 598 (1941).

■ The evidence with reference to the adequacy of the fire-fighting equipment was that the organic laboratory had one five-pound carbon dioxide fire extinguisher. There were five extinguishers in the basement, none of which had been recently maintained or inspected. The extinguisher from the organic laboratory had been emptied, in extinguishing the two previous fires, and left in the hallway. The extinguisher being used by the students when Jay entered the laboratory had been obtained by them from another room in the basement. Chemical fires were a frequent occurrence. These facts established a *prima facie* case of negligence in failing to provide adequate fire-fighting equipment. 22 Am. Jur. 604, § 14.

There was sufficient evidence in the record upon which the jury could have found liability on either ground of neg-

594

ligence. We find no merit in appellant's first assignment of error.

Appellant assigns as error the court's refusal to hold, as a matter of law, that respondent had assumed the risk or was guilty of contributory negligence.

The doctrines of contributory negligence and assumption of risk are closely related. Contributory negligence sounds in tort and implies the failure of the plaintiff to exercise due care, while assumption of risk rests in contract and negatives liability without reference to the fact that plaintiff may have acted with due care. *Walsh v. West Coast Coal Mines*, 31 Wn. (2d) 396, 197 P. (2d) 233 (1948); 38 Am. Jur. 847, § 172.

We have held that the doctrine of assumption of risk applies in those cases where there is a master-and-servant or some similar relationship. *Nelson v. Booth Fisheries Co.*, 165 Wash. 521, 6 P. (2d) 388 (1931). Respondent's relationship with appellant, as a student, is more nearly that of a business visitor or invitee. See *Grove v. D'Allessandro*, 39 Wn. (2d) 421, 235 P. (2d) 826 (1951); *Kalinowski v. Young Women's Christian Ass'n*, 17 Wn. (2d) 380, 135 P. (2d) 852 (1943). The record contains no evidence of a contractual relationship to sustain the defense of assumption of risk.

We will, therefore, consider appellant's assignment of error as directed to the court's refusal to apply the doctrine of *volenti non fit injuria*, or to find respondent guilty of contributory negligence as a matter of law.

Appellant urges that the doctrine of *volenti non fit injuria* applies to bar recovery, because the respondent knew that the gases involved in the experiment were explosive and understood all of the circumstances surrounding the fire and the hazard of it before approaching it, and that, in so approaching, he assumed responsibility for the result of his act. In other words, appellant contends that respondent both knew of and appreciated the danger. The general rule is that when a person voluntarily assents to a known danger, he must abide the consequences, even if another party is negligent. *Ewer v. Johnson*, 44 Wn. (2d) 746, 270 P. (2d) 813 (1954). But a party is excused from the force

of the rule if an emergency is found to exist or if the life or property of another is in peril. *Hammonds v. Haven* (Mo.), 280 S. W. (2d) 814 (1955); *Reynolds v. Great Northern R. Co.*, 159 Minn. 370, 199 N. W. 108 (1924); 38 Am. Jur. 912, § 228.

■ The trial judge did not err in submitting the factual question of the existence of an emergency to the jury. *Ewer v. Johnson, supra*, and cases cited.

■ Respondent's conduct in the instant case did not constitute contributory negligence which would bar recovery unless his acts in approaching the fire, staying in proximity to it, and attempting to assist in extinguishing it constituted such negligence and were a proximate cause of his injury. There were approximately seventy persons in the building. No provision for fighting fires emanating from chemical experiments had been made other than for the students themselves to use the equipment provided. Respondent was required to act as a reasonably prudent man would act under the circumstances that existed. *French v. Chase*, 48 Wn. (2d) 825, 297 P. (2d) 235 (1956). Whether respondent's conduct met the reasonably prudent man test was a factual matter for the jury's determination. It was not error for the court to refuse to find, as a matter of law, that respondent's conduct was unreasonable. *Anderson v. Rohde*, 46 Wn. (2d) 89, 278 P. (2d) 380 (1955); *Ewer v. Johnson, supra.*

Appellant assigns error to instruction No. 8, which reads:

"A person who, without negligence on his part, is suddenly and unexpectedly confronted with peril arising from either the actual presence or the appearance of imminent danger to himself or to others, is not expected nor required to use the same judgment and prudence that is required of him in the exercise of ordinary care in calmer and more deliberate moments. His duty is to exercise only the care that an ordinarily prudent person would exercise in the same situation. If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by any ordinarily prudent person under the same conditions, he does all the law requires of him, although in the light of

after-events it should appear that a different course would have been better and safer."

■ Appellant urges that there was no evidence of any emergency as to the respondent, or of any person in peril to be rescued. The jury could reasonably find, from the evidence, that an emergency existed; that the fire endangered all of the occupants of the building; and that respondent acted as a reasonably prudent person in attempting to put out the fire rather than fleeing from the premises.

■ This court stated, in *Hawkins v. Palmer,* 29 Wn. (2d) 570, 188 P. (2d) 121 (1947):

". . . That [the rescue] doctrine, briefly stated, is that one who sees a person in imminent and serious peril through the negligence of another cannot be charged with contributory negligence, as a matter of law, in risking his own life or serious injury in attempting to effect a rescue, provided the attempt is not rashly or recklessly made."

■ Applying this rule to the evidence, the court did not err in giving instruction No. 8. *Sandberg v. Spoelstra,* 46 Wn. (2d) 776, 285 P. (2d) 564 (1955); *Poling v. Charbonneau Packing Corp.,* 45 Wn. (2d) 845, 278 P. (2d) 375 (1954).

Appellant assigns error to the trial court's admission of the testimony of Dr. Keyes regarding the headaches suffered by respondent as a result of a concussion.

■ The testimony of appellant's witness, Dr. Stevens, was substantially the same as that of Dr. Keyes. Dr. Stevens testified: "I am unable to explain the cause of his [respondent's] headaches, except they might be the result of the concussion from the explosion."

Appellant's cause was not prejudiced by the admission of the testimony of Dr. Keyes when the appellant's doctor gave substantially the same medical opinion on this issue.

Appellant assigns error to those portions of instructions Nos. 1 and 14 pertaining to future pain and suffering, medical expense, and surgery, on the ground that the evidence was insufficient to merit giving the instructions.

■ No exception was taken to instruction No. 1, and it became the law of the case. Rule of Pleading, Practice and

Procedure 10, 34A Wn. (2d) 75, as amended effective October 24, 1955.

Instruction No. 14 is, in part, as follows:

"If your verdict is in favor of the plaintiffs . . .

"Your award should include compensation for such medical and hospital expenses as you find . . . with reasonable certainty will be required in the future. . . .

"You should not indulge in speculation or conjecture, but may award compensation only for such injuries and damages as are shown by a fair preponderance of the evidence to have been sustained or are reasonably certain to be sustained in the future. . . ."

 There was testimony that, if the respondent exercised the slightest exertion, he would suffer future injury and incur medical expense. Factual determinations are the sole province of the jury. The testimony, if believed, was sufficient to warrant the instruction. *Welliever v. Mac-Nulty,* 50 Wn. (2d) 224, 310 P. (2d) 531 (1957).

 Appellant contends that the trial court erred in instructing the jury as to respondent's life expectancy in instruction No. 16. There is evidence in the record that the injuries which respondent received were permanent and that there would be a permanent disability resulting therefrom. Where there is evidence of a permanent injury or disability, an instruction on life expectancy is proper. *Holmes v. Toothaker, supra.*

 Finally, appellant contends that the damages were so excessive as to reveal passion and prejudice on the part of the jury. In *Holmes v. Toothaker, supra,* p. 509, we said:

"We have held, in actions for personal injuries where damages are proved, that the amount of damages to be awarded is primarily within the province of the jury. This court is reluctant to interfere with such an award, when fairly made. [Citing cases.]"

We find that the amount of damages awarded by the jury in the instant case is well within the pleadings and the proof.

The judgment is affirmed.

MALLERY, HILL, FINLEY, and HUNTER, JJ., concur.