[No. 35613.   Department Two.   May 4, 1961.]

GEORGE C. ZERR, *Respondent*, v. SPOKANE CITY LINES, INC., *Appellant.*\*

*Paine, Lowe, Coffin, Herman & O'Kelly* (*Edwin R. Roberts*, of counsel), for appellant.

*J. P. Tonkoff* (of *Tonkoff, Holst & Hopp*) and *Harold J. Triesch*, for respondent.

MALLERY, J.—This is an action for damages sustained in a motor vehicle collision in the city of Spokane. The plaintiff secured a verdict against the defendant in the amount of twenty-five hundred dollars.

The trial court ordered a new trial restricted to the amount of damages only. This was put upon the theory that liability had been established as a matter of law.

The defendant appeals from the restrictive feature of the order.

The appellant concedes negligence for the purposes of

\*Reported in 361 P. (2d) 752.

this appeal and the propriety of a new trial. However, the appellant claims that the jury reached its verdict by a compromise upon the question of liability, and that, since the evidence relating to contributory negligence was conflicting, the trial court erred in limiting the new trial to the issue of damages only.

The controversy as to contributory negligence is related to the respondent's parking his automobile at the curb immediately preceding the collision. The appellant's bus had been proceeding easterly on Boone avenue at about 12:50 p. m. on April 18, 1956. As the bus approached the intersection with Astor street, the driver noticed the respondent's automobile stopped in the bus zone on the north side of Boone avenue east of Astor street. Seeing no traffic approaching him, the bus driver then began to make a left turn onto Astor street. In so doing, however, it is conceded that the driver violated RCW 46.60.130 in that he did not circle the intersection entrance markers.

The respondent concedes that he had been driving westerly on Boone avenue and that he had stopped in the bus zone to pick up some friends. It is the respondent's contention that, as he pulled away from the curb, the bus cut in front of him and he was unable to avoid hitting it. The appellant, on the other hand, contends that the bus was already well into the turn when the respondent pulled from the curb and accelerated into the intersection without looking ahead. In any event, the two vehicles met head on at a point ten feet south of the north line of Boone avenue and even with the west line of Astor street.

The appellant pressed its theory of contributory negligence during the trial and apparently persuaded part of the jury as to its soundness. This appears from the following facts.

The jury retired to consider its verdict at about six p. m. on Thursday, January 7, 1960. At eleven a. m. Friday, January 8, 1960, it sought a clarifying instruction from the court on the questions of contributory negligence and proximate cause. Following a conference with counsel, the trial court gave supplemental instruction No. 3A, and the jury

resumed its deliberations. Later in the day, the jury reported that it was hopelessly deadlocked nine to three. The trial court instructed it to resume its deliberations, which it did until about two p. m. on Saturday, January 9, 1960, when a verdict was returned for respondent in the amount of twenty-five hundred dollars.

In answer to a special verdict relating to the amount of damages to respondent's automobile, which was damaged extensively, the jury wrote "no" in the space for the specification of the amount of the damages.

The trial court, in limiting the new trial to the issue of damages only, stated that the award of damages was obviously the result of a compromise verdict. The trial court found that there was no contributory negligence as a matter of law. We do not agree.

█ The rule in this state is that upon a proper occasion a new trial upon the issue of damages alone may be ordered. However, this is proper only when liability is clear and the amount of the damage is the crux of the controversy. Our rule is stated in *Myers v. Smith,* 51 Wn. (2d) 700, 321 P. (2d) 551, as follows:

"The circumstances tend strongly to support at least the possibility of a compromise. Appellant's liability is not clear but was sharply disputed. Naturally, the pathetic physical condition of the respondent wife would appeal to the sympathy of any juror. The jury's five-hour deliberation may very well have been the result of its inability to agree upon appellant's liability. Had that question been free from doubt, a much larger verdict would have resulted. It is, therefore, not at all improbable that some jurors doubted appellant's liability but surrendered such doubts in favor of a small verdict. The possibility of compromise under such circumstances cannot be dismissed in a cavalier manner. It is a generalization that verdicts are large where the liability is clear and small where the liability is doubtful. Certain it is, however, in any event, that we cannot say the appellant would not be prejudiced by a retrial limited to the question of damages with his appellant's liability fixed. The two issues here are inseparably connected."

█ The evidence is this case indicates that the issue of contributory negligence is for the jury and cannot be passed

upon as a matter of law. This brings it within the rationale of the rule quoted.

Accordingly, the order granting a new trial is modified, and the cause is remanded to the trial court for an unlimited new trial. Costs will abide the final judgment.

FINLEY, C. J., HILL, DONWORTH, and HUNTER, JJ., concur.