[No. 1415.   Decided November 19, 1894.]

J. R. McMASTER, *Respondent*, v. ADVANCE THRESHER COMPANY, *Appellant*.

COMMENCEMENT OF ACTIONS — TIME FOR ANSWER — ACTION AGAINST CORPORATION—VENUE—STATUTES—TITLE—REPEAL BY IMPLICATION.

The act of 1893 (Laws, p. 407) providing for the manner of commencing civil actions in the superior courts, repeals and supersedes all former laws upon the subject, and fixes the time for answer in response to summons as twenty days in all cases.

Laws 1893, p. 407, being "an act to provide for the manner of commencing civil actions in the superior courts, and bringing the same to trial," does not violate the constitutional inhibition against more than one subject being embraced in any bill.

Where an action is brought against a corporation in the wrong county, the court has no jurisdiction to render judgment, as sections 161 and 162, Code Proc., providing that trial may be had in the county where the action is commenced, although not the proper county, "unless the defendant files an affidavit of merits, and demands that the trial be had in the proper county," has no application to actions against corporations, such actions being governed by the provisions of § 160, Code Proc., prescribing in what counties actions against corporations may be commenced.

*Appeal from Superior Court, Garfield County.*

*S. G. Cosgrove* and *Chadwick, Fullerton & Wyman,* for appellant.

*M. F. Gose,* for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This is a petition of appellant for the vacation and modification of a judgment which shows upon its face that the appellant was duly served with a copy of the complaint and summons in Clarke county, in the state of Washington, on the 2d day of November, 1893, by service upon its statutory agent, duly empowered to accept service. The case was tried in Garfield county. The judgment in this case was taken on the 8th day of December, 1893, thirty-six days after service upon appellant. The act of 1893 (Laws, p. 407, § 3) prescribes what the summons shall contain, and among other things requires the summons to direct a defendant to appear within twenty days after service of summons and defend the action.

The appellant stoutly contends that the provision of the prior law in relation to summons, viz., that the defendant, when served outside of the district in which the action is brought, shall be entitled to forty days to answer, has not been affected or repealed by the act of 1893, and many authorities are cited and large space is given both in the brief and in the oral argument to this contention. Without following the argument seriatim, or discussing the many cases cited, we are of the opinion that the act of March 15, 1893, is a complete act within itself, so far as prescribing the manner of commencing civil actions and bringing the same to trial is concerned ; that it undertakes to, and does, change the time of answer in response to the summons, and that it was the duty of the defendant in this case, had the action been brought in the proper court, to have answered the complaint within the time prescribed by the law of 1893.

Neither do we think there is anything in appellant's contention that said act is unconstitutional, or that its provisions

are obnoxious to § 19 of Art. 2 of the Constitution of the state, which provides that "no bill shall embrace more than one subject, and that shall be expressed in the title." The title in question is "An act to provide for the manner of commencing civil actions in the superior courts, and bringing the same to trial." The object of commencing an action is to bring it to trial, and while there may be more words used in the title of the act than are absolutely necessary, we think there is but one subject expressed therein.

We are compelled, however, to decide under the statute, that this action was brought in the wrong county. Sec. 160, Code Proc., provides that:

"An action against a corporation may be brought in any county where the corporation has an office for the transaction of business, or any person resides upon whom process may be served against such corporation, unless otherwise provided in this Code."

Sec. 161 provides that:

"In all other cases the action must be tried in the county in which the defendants, or some of them, reside at the time of the commencement of the action, or may be served with process, subject, however, to the power of the court to change the place of trial, as provided in §§ 162 and 163 of this Code."

While § 162 provides that:

"If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and demurs or answers, files an affidavit of merits, and demands that the trial be had in the proper county."

It is conceded that this action was brought under the provision of § 160, which is the only provision on the subject; but the respondent insists that the only way the appellant could take advantage of this was by filing an affidavit of merits and demanding that the trial be had in the proper county, as provided for in § 162. It will be noticed that § 160 provides specially for an action against a corporation; while § 161 provides not for the commencement of actions, but for the trial of actions in all other cases; which must be

construed to be all other cases than those provided for in § 160. Now, if the respondent's contention were true, that the provision of § 162 in relation to the affidavit of merits and demands applied to suits against a corporation, as provided for in § 160, the enactment of § 160 would have been absolutely unnecessary. For the legislature, if it had intended to embrace all actions would scarcely have asserted that one kind of an action should be subject to a certain provision, and then in a succeeding section have asserted that all other kinds of actions should be subjected to the same kind of a provision.

In addition to this it appears that in the original law, as found in the code of 1881, § 160 corresponds with § 49; while §§ 161 and 162, Code Proc., are both embraced in § 50 of the original law; tending to show that § 162 is a proviso to the first part of § 50, being directly made a portion of that section, and not in any way referring to § 49.

It may be that there is no reason for this distinction, but it seems to have been the will of the legislature to create such a distinction, and the duty of the court is to construe the law as the intention seems reasonably to have been expressed by the legislature. This construction, it seems to us, cannot be avoided, and it follows that the court in Garfield county was without jurisdiction to pronounce judgment, and the judgment and all the proceedings in that court were without authority and void. For this reason the judgment will be reversed and the cause remanded with instructions to dismiss the action at respondent's cost. Appellant will also recover costs in this court

STILES, J., concurs.

HOYT, J., concurs in the result.