[No. 4853.  Decided December 3, 1903.]

G. S. MEALS *et al., Respondents,* v. THE DE SOTO PLACER MINING COMPANY, *Appellant.*[1]

CORPORATIONS—CONTRACTS—SUFFICIENCY OF EVIDENCE.  There is sufficient evidence to support a judgment against a corporation where it appears that the services were rendered at its instance, for its benefit, and under a contract made by its agent.

APPEAL—REVIEW—THEORY OF TRIAL.  A cause must be tried in the supreme court on the same theory on which it was tried below.

PLEADING—VARIANCE.  Where the complaint alleges a contract of sale, and the answer sets up a conditional sale denying that the machine was as represented, upon which defense the case was tried, the defendant cannot complain of a variance between the complaint and proof.

DEMURRER—SEVERAL CAUSES OF ACTION.  A general demurrer for want of sufficient facts, where there are two causes of action, is properly overruled where the second cause of action is properly stated.

Appeal from a judgment of the superior court for King county, Albertson, J., entered April 11, 1903, upon the verdict of a jury rendered in favor of the plaintiffs.  Affirmed.

*P. C. Dormitzer,* for appellant.

*Shank & Smith* and *J. M. Jeffery,* for respondents.

DUNBAR, J.—This is an appeal from a judgment of $40.50.  The action was brought to recover judgment for the sale of a concentrating mining machine and for work performed by the respondents, a partnership, for the appellant, judgment being demanded for $353.50.  The case was tried by a jury, and verdict rendered for $40.50.

The assignments of error are that the court erred, in refusing appellant's motion for a nonsuit; in refusing to

[1]Reported in 74 Pac. 470.

instruct the jury to return a verdict for appellant; in allowing respondents to prove services of G. S. Meals, one of the claimed partners, rendered by him personally as superintendent of appellant's mine, for the reason that respondents' complaint does not seek a recovery for such services; in denying appellant's motion for a new trial, and to vacate and set aside the verdict of the jury, on the ground that there was no proof of Meals' services as superintendent of appellant's mine having any application to the partnership affairs of the respondents; that there was a total failure of proof in this, to wit, that the variance between the allegations and proof changed and altered the entire scope and meaning of the action, and was not merely a variance, but a failure of proof; that the court erred in refusing to sustain appellant's demurrer to respondents' complaint as to the second cause of action, because respondents' second cause of action does not state facts sufficient to constitute a cause of action.

We think there is no merit in any of these assignments. Even if it had not appeared from the testimony of the respondents that the contract was made in the name of, and the services rendered for the benefit of, the appellant company, and even if it had not appeared therefrom that De Soto, with whom the contract was made, was agent for the appellant company, these matters are all proven by the testimony of the appellant. It plainly appears from the whole testimony, not only that the services were rendered at the instance of the appellant, but that they were rendered for the benefit of the appellant corporation, and that the contract was made with an agent of the appellant.

Again, these questions were not raised in the trial of the case below, but the whole contest there was over the merits of the machine which appellant admitted that it

conditionally bought, and this court has uniformly held that causes here will be tried on the theory upon which they were tried in the court below.

So far as the variance between the allegations and proof is concerned, the court refused to sustain appellant's motion for a nonsuit for the reason that appellant had not been surprised. The allegation, it is true, was of a contract of sale, but the answer alleged a contract of conditional sale, denying that the machine was what it was reported to be, and it was upon this question that the case was tried out. It having been tried on the allegations relied upon by appellant, and appellant having prepared its defense upon this theory, there is no just ground for complaint in this respect.

The demurrer was properly overruled, not only because the second cause of action was properly stated, but for the reason that there was no demurrer to the second cause of action, the demurrer being that the complaint did not state facts sufficient to constitute a cause of action. Even if the second cause of action had been insufficient, there was yet enough left in the complaint to constitute a cause of action.

There being no error in any respect, the judgment will be affirmed.

FULLERTON, C. J., and HADLEY, MOUNT, and ANDERS, JJ., concur.