[No. 5252. Decided May 1, 1905.]

STANDARD FURNITURE COMPANY *Respondent,* v. P. C. ANDERSON *et al., Appellants.*[1]

PLEADINGS—TRIAL—AMENDMENT—TO SHOW VENUE IN REPLEVIN. A trial amendment to the complaint to show the venue in replevin is within the discretion of the trial court, and will not be reviewed where no abuse thereof is shown.

REPLEVIN—DEMAND—UPON HUSBAND—COMMUNITY PERSONALTY. In an action of replevin against a husband and wife for the recovery of community personal property, demand on the husband is sufficient.

APPEAL AND ERROR—RECORD—STATEMENT OF FACTS—AMENDMENTS—SERVICE BEFORE FILING. Where amendments to a proposed statement of facts were served on the same day they were filed, it will be presumed that they were filed before they were served, in the absence of an express showing to the contrary, and an affidavit to the effect that at the time of service they had no file marks on them, is not sufficient to overcome the presumption.

APPEAL AND ERROR—REVIEW—THEORY OF TRIAL. Where defendants tried a case below on the theory that it was an action of replevin, they cannot claim in the supreme court that it cannot be regarded as an action of replevin.

Appeal from a judgment of the superior court for King county, Morris, J., entered March 21, 1904, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action of replevin. Affirmed.

*Byers & Byers,* for appellants.

*Richard Saxe Jones,* for respondent.

PER CURIAM.—Respondent, by conditional bill of sale, sold and delivered to appellants certain furniture. Said bill of sale provided that the title to said property should

[1] Reported in 80 Pac. 813.

remain in respondent, and that, in case of nonpayment of any of the payments, the full amount should become due, and respondent should be permitted to immediately take possession of said property, without making any demand therefor. Appellants having failed in some of their payments, this action was commenced by the filing of a complaint, setting forth two causes of action—the first, for the recovery of the amount due, and the other, for the recovery of the property or its value. The trial was had before the court without a jury. Findings of fact and conclusions of law were made and entered, and judgment in favor of respondent for the delivery of the property or for its value, in case the same could not be delivered, was made and entered in favor of respondent. From this judgment defendants appeal to this court.

The complaint as filed did not allege venue. During the trial respondent was permitted to amend in this particular. This is alleged as error. Amendments of this kind may be permitted by the court in its discretion, and its action will not be reviewed except where it appears that such discretion was abused. Nothing of the kind is shown here.

Appellants allege that the evidence shows no demand, and that consequently the action in replevin cannot be maintained. The evidence doubtless shows a demand upon the husband, who by the statute is made the manager of the community personal property. The conditional bill of sale expressly provides that no demand need be made, before taking possession of the property, in case of failure to meet payments. We find no merit in this contention of appellants.

Appellants contend that they filed a proposed statement of facts, to which respondent proposed amendments, serving said amendments before they were filed. The court

signed the statement of facts as amended. Without passing upon the question of whether or not proposed amendments must be filed before being served, it appears in this case, from the filing marks and the acceptance of service by appellants' attorneys, that said proposed amendments were filed upon the same day that they were served upon appellants. There is an affidavit of one of appellants' attorneys, "that, at the time said amendments were served on affiant, neither the original nor the copy had any clerk's file marks thereon." This affidavit does not state, however, that the amendments had not been filed when served. In the absence of an express showing to the contrary, it will be presumed by this court that the amendments were properly proposed and certified.

Appellants contend that this cannot be regarded as a replevin case. It appears that the case was tried in the lower court on the theory that it was a replevin case. Ordinarily a party will not be permitted to try a case in the appellate court upon a different theory from that which was observed in the trial court.

Appellants contend that the evidence was insufficient to establish some of the facts found by the trial court. An examination, however, convinces us that the findings were fairly sustained, and that we would not be justified in arriving at a different conclusion from that reached by the trial court.

No error appearing, the judgment of the trial court is affirmed.