[No. 8752.    Department One.    February 10, 1911.]

OLAUS PETERSON et al., *Respondents*, v. PANTHEON LUMBER
COMPANY, *Appellant*.[1]

PLEADING—COMPLAINT—SEPARATE STATEMENT OF CAUSES — OBJEC-
TION HOW TAKEN. Objection to a complaint for not separately stat-
ing the several causes of action cannot be taken by demurrer, but
only by motion.

CORPORATIONS—ACTIONS—PARTIES—JURISDICTION— PRESUMPTION—
PLEADING—COMPLAINT. Rem. & Bal. Code, § 4854 providing that a
corporation may be sued in a county wherein it has an office for the
transaction of business, or an agent upon whom service may be
made, does not require the fact to be affirmatively alleged, nor make
a complaint demurrable for want of jurisdiction, where the fact
does not appear on its face, since jurisdiction will in such case be
presumed.

PLEADING—DEMURRER—SEVERAL CAUSES. A general demurrer to
several causes of action on the ground that the statute of limitations
has run must be overruled if any one of the causes is not barred by
the statute.

LIMITATION OF ACTIONS—RENTS—LANDLORD AND TENANT. An ac-
tion for rent is within Rem. & Bal. Code, § 157, subd. 3, providing a
limitation of six years for rents and profits for the use and occupa-
tion of real estate.

Appeal from a judgment of the superior court for Stevens
county, Carey, J., entered January 2, 1908, upon findings in
favor of the plaintiffs, after a trial before the court without a
jury, in an action on account. Affirmed.

*Slater & Allen*, for appellant.

*Jesseph & Grinstead*, for respondents.

PARKER, J.—This appeal involves only the alleged error of
the superior court in overruling the demurrer to the complaint.
The facts relied upon by the plaintiffs are set forth separately
in the body of their complaint as three causes of action. The
first is for rent alleged to be due upon certain real property

[1]Reported in 113 Pac. 562.

leased by the plaintiffs to the defendant; the second is for money alleged to be due as the purchase price of saw logs sold by the plaintiffs to the defendant; and the third is for money alleged to be due on account of meat furnished and services rendered by the plaintiffs to the defendant at its instance and request. Attached to the complaint and made part thereof is a statement of the items sued upon, in chronological order. The defendant demurred to the complaint upon the grounds:

"(1) That several causes of action have been improperly united. . . .

"(3) That the court has not jurisdiction of the person of the defendant or of the subject-matter of the action.

"(4) That the action has not been commenced within the time limited by law."

Other grounds of demurrer are not here involved. The superior court overruled the demurrer, when the defendant elected to stand thereon and declined to plead further. Thereupon the court heard evidence in support of the allegations of the plaintiffs' complaint, made findings of fact and conclusions of law in their favor, and rendered judgment against the defendant accordingly. The defendant has appealed.

Referring to the first ground of demurrer, learned counsel for appellant do not seem to contend that the several causes could not be joined in one action, but contend, in substance, that the reference in each cause of action stated in the body of the complaint to the attached statement, which is itemized in chronological order without the items being separately stated or grouped as to each cause of action, is not a separate statement of each cause of action. We think a reference to this account will render it easy to determine therefrom to which cause of action each of the items upon which recovery is sought belongs; but even if this were not true, and there were no separate statement whatever of the separate cause of action, the complaint would not be demurrable upon that ac-

count.   In the case of *Richardson v. Carbon Hill Coal Co.*, 10
Wash. 648, 651, 39 Pac. 95, this court said:

"Where a complaint sets forth two causes of action, which
may properly be joined, without separately stating them as
required by the code, the proper remedy is a motion to require
plaintiff to make his complaint more definite and certain by
stating separately his several causes of action.   Pomeroy,
Code Remedies, § 447 ; Boone, Code Plead. § 266."

See, also, 6 Ency. Plead. & Prac., 341.

It is next contended that the complaint is demurrable upon
the ground that it fails to state facts affirmatively showing
jurisdiction under Ballinger's Code, § 4854, which was in
force at the time of the commencement of this action, and
provided:

"An action against a corporation may be brought in any
county where the corporation has an office for the transaction
of business, or any person resides upon whom process may be
served against such corporation, unless otherwise provided
in this code."

The complaint alleges:

"That the defendant now is and at all times herein men-
tioned, was a corporation, organized and existing under and
by virtue of the laws of the state of Washington, and engaged
in the manufacture of lumber."

There is no other allegation in the complaint showing that
the appellant corporation has an office for the transaction of
business in Stevens county, or that any person resides in
Stevens county upon whom process may be served against
such corporation.   The holding of this court in *McMaster v.
Advance Thresher Co.*, 10 Wash. 147, 38 Pac. 670, is relied
upon in support of this contention.   *Hammel v. Fidelity
Mutual Aid Ass'n*, 42 Wash. 448, 85 Pac. 35, is to the same
effect though not cited by counsel.   In those cases the jurisdic-
tional question was raised by petition and motion, putting
directly in issue the facts upon which jurisdiction depended
under Ballinger's Code, § 4854, and the question of the suffi-
ciency of a complaint which omitted to affirmatively show

such facts was in no way involved. The supreme court of Indiana, dealing directly with the question here involved, in the case of *Rudisell v. Jennings*, 38 Ind. App. 403, 77 N. E. 959, 78 N. E. 263, said:

"A circuit court is a court of general jurisdiction, and it is only when the want of jurisdiction appears on the face· of the complaint that a demurrer will lie. In actions in such a court it is not necessary that the complaint should affirmatively show that the court has jurisdiction. If there is nothing in the complaint to show whether the court has or has not jurisdiction, the question cannot be raised by demurrer, as the jurisdiction will be presumed."

See, also, *Currie Fertilizer Co. v. Kirsh*, 24 Ky.. Law 2471, 74 S. W. 268; *Powers v. Ames*, 9 Minn. 178.

We are 'of the opinion that the want of jurisdiction does not appear' upon the face of this complaint. Therefore that question cannot be raised by demurrer.

Finally, it is contended that it appears upon the face of the complaint that the action has not been commenced within the time limited by law. This ground of demurrer is directed to the whole complaint, and not to any particular cause of action, as were also all the other grounds of demurrer. The first cause of action was for rent due under a lease of real estate. This rent covered a period of four years preceding the commencement of the action. It seems clear, under Rem. & Bal. Code, § 157, that a claim of this nature is not barred until six years after its accrual. Subdivision 3 of that section provides that the six-year limitation is applicable to "An action for the rents and profits or for the use and occupation of real estate:" An examination· of the other causes of action we think will also show that they are not barred, though we regard that as· of no consequence in this inquiry, since the demurrer upon this ground is not directed to any particular cause of action. It is therefore only necessary for us to inquire as to whether or not any· cause of action stated in the complaint is good as against such demurrer. *Meals v. De Soto Placer Min. Co.*, 33 Wash. 302, 74 Pac. 470; *Hindle v.*

*Holcomb*, 34 Wash. 336, 75 Pac. 873; 6 Ency. Plead. & Prac., 305.

We conclude that there was no error committed by the learned trial court in overruling the demurrer; and since appellant stood thereon and declined to plead further, the court was authorized to proceed to judgment.

The judgment is affirmed.

RUDKIN, MOUNT, GOSE, and FULLERTON, JJ., concur.