[No. 17371.   Department Two.   November 18, 1922.]

## K. Higashi et al., Appellants, v. L. Verstandig, Respondent.[1]

APPEAL (356)—DISMISSAL—TIME FOR MAKING MOTION. A motion to dismiss an appeal for failure to diligently prosecute it will be denied where all jurisdictional steps were taken in time and the motion was not made until the other steps in the appeal had been taken.

PLEADING (188)—REPLEVIN (28)—VARIANCE—DESCRIPTION OF PROPERTY IN REPLEVIN. While in replevin plaintiff cannot sue for one article and recover another, Rem. Comp. Stat., § 299, providing that no variance shall be deemed material unless it actually misled the adverse party to his prejudice, applies where there was in the complaint an erroneous description of a motor serial number of a certain truck, but the truck actually sued for was the truck which was seized and actually belonged to the plaintiff to the knowledge of defendants, who were claiming a technical advantage because of error in the description.

Appeal from a judgment of the superior court for King county, Hill, J., entered May 28, 1921, upon findings in favor of the defendant, in an action of replevin, tried to the court.   Reversed.

Bronson, Robinson & Jones, for appellants.

Henry W. Parrott, for respondent.

Hovey, J.—Appellants brought a replevin action against respondent for the recovery of a one ton Dart

[1] Reported in 210 Pac. 353.

truck bearing number 39141 and motor serial number 34062, B/M 1118 A, and a truck was found in the possession of the respondent and taken by the sheriff under the writ. This truck bore number 39139, motor serial number 72663, B/M 1644. The truck consisted of a chassis and a large top with canvas curtains upon which was painted "Greenlake Farmers' Association."

The evidence of the appellants showed that, in the year 1920, they were the owners of a truck of this description bearing the numbers first mentioned, and the truck was identified by various other features peculiar to it and within the particular knowledge of appellants. The testimony of the appellants was further to the effect that they owned but one truck, and that, in the fall of 1920, it was stored with one Yamamoto, and afterwards came into the possession of respondent. Respondent testified that he had received the truck from Yamamoto, and further admitted that he had caused Yamamoto's prosecution for forgery, and that Yamamoto had admitted that, in sixteen or seventeen automobile transactions he had with the respondent, he had resorted to forgery. Respondent's testimony further showed by the records in the auditor's office that a one-ton Dart truck bearing the numbers 39139, motor serial number 72663, B/M 1644, had been sold to appellants by the McCallum-Donohue Finance Company. Thereupon an adjournment was taken, and thereafter appellant produced evidence showing that the chassis first sold to appellants bore the numbers alleged in the complaint. This had proven unsatisfactory and a new one had been substituted, the original body being removed from the first truck to the second one and appellants had thereafter treated it as the same truck in obtaining their license from the state, but the insurance company which had issued a policy on the 22d day of May, 1920, had described the

truck by the latter numbers mentioned, and appellants thereupon asked leave to amend their complaint to conform to the proof, urging that a mistake had been made in giving the numbers of the truck at the time the action was brought. This motion was denied by the trial court which made the following comment at that time:

"I am satisfied from the evidence in this case that the truck that was taken in this action by the sheriffs was the truck of the plaintiffs; but, it not being the truck described in the complaint, being a different number from that described in the complaint, the plaintiffs cannot recover in this action. For that reason judgment will go to the defendant."

Thereafter judgment was entered in favor of respondent for the return of the truck, or the sum of $1,500 in case return could not be had, and for the further sum of $300 for damages for wrongful detention of the property.

A motion was made to dismiss the appeal for the reason that the same was not diligently prosecuted. All the proceedings which we have held to be jurisdictional were had within time, and the motion for dismissal was not made until after all the other steps in the appeal had been taken, and the motion will therefore be denied.

Replevin is a statutory proceeding and the authorities have adhered to a rather strict construction of the procedure to be followed, and it may be stated as a general proposition that one cannot sue for one piece of property and recover another, an example sometimes used being that one cannot sue for a bay horse and recover a sorrel one. In the present case, however, there is no dispute in the testimony as to the truck actually sued for and sought to be recovered being the truck which was seized, and this fact was known

to the respondent and he was not misled thereby. In fact, the respondent does not dispute the fact that the property actually belongs to the appellant, but is claiming a technical advantage because of an error in description. Section 299, Rem. Comp. Stat., provides:

"No variance between the allegation in a pleading and the proof shall be deemed material, unless it shall have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. . . ."

And we deem this a proper case for its application.

We have held an amendment proper to allege venue in *Standard Furniture Co. v. Anderson,* 38 Wash. 582, 80 Pac. 813, and that failure to allege demand was cured by proof thereof in *Armour v. Seixas,* 80 Wash. 181, 141 Pac. 308.

The judgment will be reversed, with directions to enter judgment in favor of appellants for the recovery of the truck seized by the sheriff under the writ in this action.

PARKER, C. J., FULLERTON, MAIN, and TOLMAN, JJ., concur.