[No. 17252. Department One. January 19, 1923.]

ALASKA JUNK COMPANY, INCORPORATED, *Appellant,* v.
McPHERSON, FENSTAMAKER, WHITEHOUSE
COMPANY, *Respondent.*[1]

SALES (68) — PERFORMANCE OR BREACH — TENDER BY SELLER — WAIVER—EVIDENCE—SUFFICIENCY. A seller's tender of the balance of a shipment of junk is shown to have been waived by the buyer's rejection of shipments prior to the last day for delivery, where counsel admitted that they refused to receive and rejected the goods and an expert testified that he examined them and recommended their rejection.

APPEAL (370)—REVIEW—THEORY OF CASE. An appellant claiming a tender of goods sold, is not restricted on appeal to a theory that the tender was excused on account of inability to get the cars, where the record shows a claim that tender was excused by the buyer's rejection of the goods, and the court's memorandum decision is based on the opinion that there was no rejection, which was an error.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered October 14, 1921, upon granting a nonsuit, dismissing an action on contract. Reversed.

*Reynolds, Ballinger & Hutson* and *Elmer W. Leader,* for appellant.

*Roberts & Skeel,* for respondent.

[1]Reported in 212 Pac. 185.

Fullerton, J.—This was an action brought by the Alaska Junk Company, a dealer in scrap and junk, to recover from the McPherson, Fenstamaker, Whitehouse Company, an importing and exporting company, for an alleged breach of a contract to purchase three hundred tons of scrap cable and cable strippings. Of the three hundred tons ordered, one hundred sixty-two and 98/100 tons only were delivered. The last day for delivery under the contract was June 30, 1920. The junk company brought this action to recover from the respondent the difference between the contract price and the market value on that date, claiming a breach of the contract by the respondent in rejecting and failing to accept the balance of the material.

At the close of appellant's case, the trial court granted a motion interposed by respondent to dismiss the action because of insufficiency of the evidence to sustain a judgment in favor of the appellant. The court also denied appellant's motion for a new trial. From the judgment of dismissal, this appeal was taken.

The essential facts involved follow. On March 29, 1920, the respondent, having received an order from the Orient, stated, in a letter addressed to the appellant, that it was in the market for three hundred tons of cable wire scrap strippings, from 0 to 10 gauge for shipment in April and May. On April 2, in reply to this, appellant offered three hundred tons of scrap wire cable and cable scrappings bundled for shipment at $25 per ton "F. O. B. cars our yard." This offer was accepted on April 6, 1920, and the following contract entered into:

"Contract No. ——.

"The Alaska Junk Co., Frank Schwarts, proprietor, has this 6th day of April, 1920, sold to Macpherson, Fenstamaker & Whitehouse Co., Seattle.

| Quantity | Kind of Material | Price |
|---|---|---|
| Approximately 300 | Net t o n s scrap wire cable a n d cable strippings in miscellaneous sizes and lengths, bundled for shipment. | $25.00 per ton of 2,000 lbs., f. o. b. car our yard. |

Terms: Confirmed Bank Letter of Credit for total amount.

Date of Shipment: April/May/June last of month.

Other instructions

Accepted:

"Macpherson, Fenstamaker, Whitehouse Co.,

"By Harry A. Rhodes.

"Alaska Junk Company,

"By H. J. Keisler."

On May 6, 1920, the respondent wrote to appellant notifying it that the shipment of the materials would be made to Shanghai through the Dyson Shipping Company and giving the markings for the shipment. On the same day the Dyson Shipping Company wrote to appellant as follows:

"This will be your authority to make delivery of scrap cable for steamer 'Edicott' to be available alongside of steamer at Smith's Cove on Sunday, May 9th. Will you please advise car number when loaded?"

Acting pursuant to these instructions, the amount before stated was delivered; the material leaving the plant on May 6, 8 and 11. So far as the record discloses, the above were the only shipping instructions given or received. The record does not show why the entire order was not shipped at that time. It is undisputed, however, that the balance of the order was neither loaded upon cars nor tendered to respondent before June 30, the last day of delivery under the contract.

The trial court rested its decision in the case solely upon the theory that there was no evidence of a tender of the balance of the order.

Appellant's position is that a tender was waived by the rejection of the materials prior to June 30. It further seeks to excuse its admitted failure to load the shipment upon cars upon the theory that it was under no obligation to secure cars or to load them, because respondent failed to furnish shipping instructions covering the rest of the order.

There is a decided dispute whether or not, during the trial below, respondent's attorneys admitted rejection of the materials prior to June 30, and if so, whether such admission had a binding effect upon the trial court.

It is unquestioned that, in his opening statement, one of the attorneys said:

"In other words, in order to send metal of that kind over there it would have to be in condition to be of some use or value in the Orient. It was thereupon that the defendant refused to accept this balance of 137 tons."

On the question of the admission of appellant's Exhibit K, a letter written on August 7, 1920, the attorney for the respondent objected, saying:

"Now, just one moment. I object to that as incompetent, irrelevant and immaterial. I do not see that it has any bearing on the case at all. It was long after the contract and long after the rejection by the defendant of this particular material."

Later when a letter, dated August 9, was offered, the following occurred:

"Mr. Skeel: They have no bearing on the controversy in issue. We admit we refused to receive the goods. There is no question about that. We did. Mr. Reynolds: It is admitted, Mr. Skeel, that the goods

were rejected? Mr. Skeel: Yes. I agreed that the goods were rejected. There is no question about that. Mr. Reynolds: We tendered them and they refused to accept them? Mr. Skeel: Yes. We refused them and announced we would not take them before you ever tendered them. I want to put it that way. And if you want to offer evidence contrary to that, go ahead. We rejected them before you had a chance to tender them.''

Still at a later point in the trial of the case the following colloquy between counsel occurred:

''Mr. Reynolds: They have admitted that they re-jected the tender of this material, and after rejection it was not necessary for us to put it on board cars. It would be an idle act. Mr. Skeel: I would offer to admit that, and still do, if you will agree on the date, but I will not admit it was done after June 30th. Mr. Reynolds: You admit it was done prior to June 30th?''

That the respondent did reject the materials before June 30 was shown by the testimony of C. E. Bogar-dus, an expert called by the defense, who testified that sometime in the latter part of May he inspected the materials then at the yard of appellant and recom-mended to respondent that the entire shipment be re-jected. This evidence, coupled with the admissions of counsel, and the defense to the action as outlined in the answer, leaves little doubt as to the waiver of tender by a prior rejection of the shipment.

Respondent takes the position now, however, that inasmuch as appellant tried the case below on the theory that it was excused from tender because of the impossibility of securing cars prior to the receipt of definite shipping instructions, it cannot in this court urge as a waiver of tender the rejection by the re-spondent of the goods; resting the contention upon the proposition that a party is restricted on appeal to the theory adopted at the trial. As sustaining this posi-tion the following cases are cited: *Walker v. McNeill,*

17 Wash. 582, 50 Pac. 518; *Meals v. De Soto Placer Min. Co.,* 33 Wash. 302, 74 Pac. 470; *Sanders v. Stimson Mill Co.,* 34 Wash. 357, 75 Pac. 974; *Normile v. Thompson,* 37 Wash. 465, 79 Pac. 1095; *Standard Furniture Co. v. Anderson,* 38 Wash. 582, 80 Pac. 813.

The cases undoubtedly sustain the general principle contended for by counsel, but we cannot think the principle applicable to the case at bar. While it may be true that, in the argument upon the motion to dismiss, this phase of the case was not gone into thoroughly, it is obvious that it was urged upon the court.

In its memorandum opinion, the court below, in passing upon appellant's motion for a new trial, said:

"The court certainly would not have sustained the motion if, in his opinion, there had been any admission or showing of rejection by defendant prior to June 30."

We believe that the trial court was mistaken as to the fact, and that it erred in finding that there had been no admission or evidence of rejection which would make a tender unnecessary, and, having based his order dismissing the cause solely upon that ground, it follows that a new trial must be awarded.

Reversed and remanded with instruction to grant the motion for a new trial.

PARKER, MITCHELL, TOLMAN, and BRIDGES, JJ., concur.