[No. 22244. Department One. January 2, 1929.]

THE STATE OF WASHINGTON, *on the Relation of Goldie Gurr, Plaintiff,* v. THE SUPERIOR COURT FOR SNOHOMISH COUNTY, *Respondent.*[1]

*Lloyd L. Black* and *J. L. Rucker,* for relators.

*Clarence J. Coleman,* for respondent.

[1]Reported in 283 Pac. 689.

BEALS, J.—Relator applies to this court for a writ of mandate directed to the superior court for Snohomish county, directing that court to deny the motion for change of venue made by the defendant in the case of Goldie Gurr, relator herein, plaintiff, and Ernest N. Gurr, her husband, defendant.

In her complaint filed in this court, relator alleges that she is, and for over two years has been, a resident of Snohomish county, Washington; that September 6, 1929, she brought suit for a divorce in the superior court of the state of Washington for Snohomish county against her husband, Ernest N. Gurr; that the defendant in the divorce action filed therein a motion for change of venue to Walla Walla county, alleging, as a ground for his motion, that he was a resident of that county at the time of the institution of the action; that, when this motion came on for hearing before the Honorable Ralph C. Bell, one of the judges of the superior court for Snohomish county, the court was of the opinion that § 1 of rule I of the rules of pleading, procedure and practice adopted by this court January 14, 1927 (Rem. 1927 Sup., § 308-1), was controlling and that the court filed its memorandum opinion stating that the change of venue would accordingly be granted. The entry of the formal order was delayed to permit the bringing of this proceeding.

In so far as pertinent herein, rule I, § 1, above referred to, reads as follows:

"An action may be brought in any county in which the defendant resides, . . ."

Relator, in her complaint, alleges that the trial court was of the opinion that this rule controlled the situation before it and of itself required, it not being denied that Mr. Gurr was a resident of Walla Walla county, as matter of right, the granting of the defendant's motion for a change of venue, and prevented the trial

court from exercising its discretion as in ordinary applications for changes of venue.

In this the trial court erred. Section 984, Rem. Comp. Stat., reads as follows:

"Any person who has been a resident of the state for one year may file his or her complaint for a divorce or decree of nullity of marriage, under oath, in the superior court of the county where he or she may reside, and like proceedings shall be had thereon as in civil cases."

Section 1, rule I, *supra,* does not abrogate such a definite law as § 984, but refers only to general actions concerning which venue is not fixed by some special practice act.

We do not hold that the superior court has no jurisdiction to direct a change of venue in a divorce action in a case where such change will be proper because of convenience of witnesses or other facts which the court, in the exercise of its discretion, may deem sufficient to warrant such action, but we do hold that the rule above quoted does not require that a motion for change of venue, based upon the defendant's residence, be granted as matter of right and that in passing thereon the superior court is prohibited from exercising its discretion. *State ex rel. Ross v. Superior Court,* 132 Wash. 102, 231 Pac. 453; *McCallum v. McCallum,* 153 Wash. 1, 279 Pac. 88.

It appearing from the record before us that the application for a change of venue was based upon the sole ground that the defendant in the divorce action is a resident of Walla Walla county and that no question involving the discretion of the trial court was presented, the writ prayed for will be granted.

MITCHELL, C. J., TOLMAN, MILLARD, and PARKER, JJ., concur.