[No. 22230.   Department One.   January 2, 1930.]

THE STATE OF WASHINGTON, *on the Relation of Commercial Credit Company, Plaintiff, v.* THE SUPERIOR COURT FOR CHELAN COUNTY, *Respondent.*[1]

*Karl F. Hass,* for relators.

*D. A. Shiner,* for respondent.

TOLMAN, J.—This is an original proceeding in this court seeking the issuance of a writ of prohibition directed to the superior court of Chelan county to forbid further proceedings in a cause there pending.

It appears that heretofore one J. A. Montgomery began an action in the superior court for Chelan county against W. P. Watkins, doing business as Watkins Motor Company, Commercial Credit Company, a corporation, and Reed C. Mills, as defendants, alleging in his complaint the execution and delivery to him, for

[1]Reported in 283 Pac. 690.

a valuable consideration, by the defendant Watkins, of a promissory note, due on demand, for $2,179.75 and interest, and, at the same time, to secure the payment of the note, that Watkins duly executed and delivered to him a chattel mortgage upon two certain new automobiles then in Chelan county, Washington. The mortgage is alleged to have been filed for record in Chelan county on the day following its execution.

It is further alleged that, on the day the note and mortgage were executed, the defendants, with intent to hinder, delay and defraud the plaintiff therein, removed the mortgaged property from Chelan county to King county, Washington; that the chattel mortgage was thereafter, and within the statutory time, filed for record in King county; that demand for return of the property has been made and refused and that the defendants other than Watkins claim some right, title and interest in the mortgaged property, but that, if any such right exists, it is subsequent and inferior to the plaintiff's rights under his chattel mortgage. The prayer of the complaint is for judgment for the amount due on the note, for attorney's fees and costs, and

"That the plaintiff have a decree of this court decreeing that plaintiff has a valid and subsisting mortgage lien as security for the payment of all such judgments on the personal property described herein, and that said lien be decreed and established as prior and paramount to any right, title and interest of the defendants or either of them in and to said property or any part thereof. That said lien be foreclosed by decree of this court and the said mortgaged property ordered sold to satisfy said judgment as provided by statute and the practice of this court, and the defendants and each of them and all persons claiming or to claim by, through or under them, or either of them be forever barred, foreclosed and estopped from claiming any right, title or interest in and to said property or any part thereof as against this plaintiff and against

plaintiff's said lien thereof and against the purchaser of said property at said foreclosure sale.

"That, in case the defendants have impaired or destroyed or have concealed and continue to conceal the property so that the same cannot be found, judgment be had against the defendants, and each of them, for damages in the amount of $2,179.75, with interest thereon from date until paid.

"For all such other and further relief as to the court may seem just and equitable in the premises."

Relator, one of the defendants in that action, appeared therein, filed a demurrer to the complaint, and moved for the transfer of the cause to King county. The motion was denied, whereupon this proceeding was instituted.

■ That an action to foreclose a chattel mortgage must be commenced in the county where the property is situated, is plainly provided by our statute, Rem. Comp. Stat., § 1104. This statutory provision is in no wise affected by the rules of this court adopted January 14, 1927, 140 Wash. p. xxxv (Rem. 1927 Sup., § 308-1 *et seq*). *State ex rel. Gurr v. Superior Court, ante* p. 121, 283 Pac. 689.

■ It only remains to inquire if this be an action to foreclose a chattel mortgage. We see no escape from the conclusion that it is. The complaint contains all of the allegations usual and necessary in such an action, so far as it goes, and none that are inconsistent therewith. The prayer is for foreclosure and such other relief as is incidental thereto. Whatever the facts which existed prior to the execution of the note and mortgage, they are not pleaded, and however much they might indicate that the original liability, which created the consideration for the note, grew out of tort, even if we were by the complaint so advised, yet the complaint shows the acceptance of the note and thereby a waiver of the tort as a cause of action.

We conclude that the trial court should have granted the motion to transfer the cause and, except to so transfer it, the writ will issue prohibiting further proceedings.

MITCHELL, C. J., BEALS, MILLARD, and PARKER, JJ., concur.