[No. 23271. Department Two. December 14, 1931.]

GEORGE S. MARSHALL, *Respondent*, v. L. G. NASH *et al.*, *Appellants.*[1]

*William S. Lewis* and *Joseph F. Morton*, for appellants.

*Berkey & Cowan*, for respondent.

MAIN, J.—This action was brought to recover the balance due for rent. The defendants pleaded the statute of limitations. The cause was tried to the court without a jury, and resulted in findings of fact from which it was concluded that the plaintiff was entitled to recover. Judgment was entered against the defendants in the sum of $717.99, from which they appeal.

The facts are not in dispute. Between October 27, 1923, and the first day of October, 1927, appellants oc-

[1] Reported in 5 P. (2d) 978.

cupied apartment G in the Woodbine apartments, in the city of Spokane, under an oral agreement to pay a specified rental per month. From time to time a lump sum was paid, leaving a balance due October 1, 1927, of $717.99, the amount for which judgment was entered.

Section 10619, Rem. Comp. Stat., provides that, when premises are rented for an indefinite time, with monthly or other periodic rent reserved, "such tenancy shall be construed to be a tenancy from month to month, or from period to period on which rent is payable, . . ." Section 157, Rem. Comp. Stat., provides that "an action for the rents and profits or for the use and occupation of real estate" must be brought "within six years." Section 159 provides, in part, that an action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument, shall be brought "within three years."

In *Peterson v. Pantheon Lumber Co.*, 62 Wash. 189, 113 Pac. 562, it was held that an action for rent or for the use and occupation of real estate was governed by the six-year statute above mentioned, and not by the three-year statute. The appellants recognize the holding in that case, and say that it is not controlling because there the action was based on a written lease, while here the tenancy was based on an oral agreement.

We see no reason why the same rule should not apply when the tenancy is one from month to month, based upon an oral agreement, as when the lease is in writing. The statute says "actions for rents and profits or for the use and occupation of real estate." To construe the statute as applying only to written leases, it would be necessary to write into it a provision which the legislature did not place there, and this

we cannot do. Money due upon an oral lease for rents or for the use and occupation of real estate comes plainly under the six-year statute of limitations.

The judgment will be affirmed.

TOLMAN, C. J., BEALS, HOLCOMB, and MILLARD, JJ., concur.