[No. 25830.   Department One.   October 8, 1935.]

THE STATE OF WASHINGTON, *on the Relation of The Paraffine Companies, Inc., et al., Plaintiff,* v. D. F. WRIGHT, *as Judge of the Superior Court for Thurston County, Respondent.*[1]

*Whittemore & Truscott, Eggerman & Rosling,* and *H. A. Seering,* for relators.

*C. D. Cunningham,* for respondent.

GERAGHTY, J.—This is an application for a peremptory writ of mandate requiring the respondent, judge of the superior court of Thurston county, to transfer a cause of action from Thurston to King county.

Effie F. Mills, as administratrix of the estate of Frank S. Mills, her late husband, brought suit in the superior court of Thurston county against Francis P. Watts and wife and the Paraffine Companies, Inc., to recover damages for the death of her husband, the result of injuries inflicted upon him by an automobile driven by Watts on the Pacific highway, in Thurs-

[1]Reported in 49 P. (2d) 929.

ton county. The complaint alleged that Watts was driving the automobile in the course of his employment by the Paraffine Companies.

After service of process, the defendants appeared in the cause, filed an affidavit of merits and moved that the cause be transferred to King county. After hearing, upon affidavits submitted by the parties, the court denied the motion for transfer, having reached the conclusion that, while defendants Watts were residents of King county, the Paraffine Companies was transacting business in Thurston county.

In support of their application for the writ, relators allege that Paraffine Companies is a corporation organized under the laws of Delaware, duly qualified to engage in business in the state of Washington, having its principal place of business in the city of Seattle, King county. That, at the time of the commencement of the action, the company was not transacting business in Thurston county, did not have any office for the transaction of business there, and that there was no person residing in Thurston county upon whom process against it could be served.

That its manner of doing business is to send salesmen throughout the state to call upon prospective purchasers and receive orders for transmittal to the office of the company at Seattle. If the orders so received are in proper form and approved by the credit department, sales are then made by the company in its Seattle office, and all sales are so executed. That its salesmen have no authority to bind the company to sales, and all orders received are subject to approval. Deliveries are made either from the Seattle warehouse or the company's factory in California. Collections are made from one or other of those offices, and salesmen have no authority to make collections and do not do so.

It appears from the return of the respondent and affidavits that the Paraffine Companies, Inc., sells its products to three merchants in Olympia. Some five or six years ago, it entered into an arrangement with the Washington Veneer Company, in that city, by the terms of which the veneer company

". . . would purchase products from the defendant corporation at an agreed discount and the veneer company in turn would supply the trade in Thurston county, and that in furtherance of said understanding and agreement, the representatives of the defendant corporation went with the representatives of the veneer company to visit various dealers in Thurston county, Washington, and were told, in effect, that the products of the defendant corporation would be handled by the veneer company, and the said last named company would supply the needs of such dealer or dealers, which the said veneer company has been doing ever since."

Payments are made by the veneer company to the defendant corporation every thirty days or less, and goods are ordered through salesmen of the defendant corporation or by mail.

The Kaufman Leonard Furniture Company and the Mottman Mercantile Company, both of Olympia, also handle the products of the Paraffine Companies, but do not sell to other dealers, as does the veneer company.

Disregarding mere conclusions, we think it appears from the affidavits that the mercantile concerns in Olympia handling the products of the Paraffine Companies do so as independent merchants and not as agents. While the veneer company is referred to as a distributor, it purchases from the Paraffine Companies at a discount, in the course of trade, and re-sells to its own customers at a profit. The other two concerns purchase, in ordinary course, the prod-

ucts that are needed to supply their immediate customers. While the Paraffine Companies' salesmen stimulate trade and solicit the use of its products, purchases are made by the Olympia dealers at the Seattle office.

We are clear that the Paraffine Companies is not transacting business within Thurston county, as the term has been defined by this court. Rem. Rev. Stat., § 205-1 [P. C. § 8542-1], is as follows:

"An action may be brought in any county in which the defendant resides, or, if there be more than one defendant, where some one of the defendants resides at the time of the commencement of the action. For the purpose of this act, the residence of a corporation defendant shall be deemed to be in any county where the corporation transacts business or has an office for the transaction of business or transacted business at the time the cause of action arose or where any person resides upon whom process may be served upon the corporation, unless hereinafter otherwise provided."

In *State ex rel. H. G. Wells Lumber Co. v. Superior Court*, 113 Wash. 77, 193 Pac. 229, it appeared that a lumber company having its plant and principal place of business in Aberdeen, entered into a contract with a ship building and dry dock company, wherein it undertook to sell and deliver to the company, at Seattle, a large quantity of lumber. Some of the lumber was to be subjected to creosote treatment, with reference to which the contract provided that the purchaser was to have the creosoting done, the cost to be billed back to the mill. During the course of shipments, an officer of the lumber company went to Seattle on some occasions to check up the deliveries with the purchaser. Upon the question whether, under this state of facts, the Aberdeen

company was transacting business in King county, the court said:

"By the terms of the statute (Rem. Code, § 206), the defendant is subject to suit in a transitory action in any county of the state where it transacts business, or transacted business at the time the cause of action arose, or in any county in which it has an office for the transaction of business, or in any county where a person resides upon whom process against it may be served, and the question presented is whether the record shows the existence of either of these conditions.

"On the disputed questions of fact we are clear that the decided weight of the evidence is with the defendant. It is clear, also, that the defendant did not have an office for the transaction of business in the county of King at the time the cause of action arose, and that no person resided therein, at the time of the commencement of the action, on whom process against it could be served. There is left, therefore, only the question whether the dealings of the defendant with the Ames Ship Building and Dry Dock Company constituted the transaction of business by it in the county of King within the meaning of the statute. That the mere shipment of lumber to the company named, from the defendant's mill at Aberdeen to the company's place of business in King county, although subject to its inspection on arrival, would not be the transaction of business in that county, we are clear. As the defendant's counsel well say, a contrary rule would subject the mill company to suit in any county in the state to which it ships lumber, as lumber is almost uniformly shipped subject to the condition that it complies in quality and kind to the terms of the order, which of itself implies inspection by the purchaser."

In *Smith & Co. v. Dickinson,* 81 Wash. 465, 142 Pac. 1133, the court was called upon to determine whether, under the facts, defendant, an unregistered foreign corporation, was "doing business" in this state. In the course of its opinion, the court said:

"The trial court found that respondent is a corporation organized and existing under and by virtue of the laws of Nebraska, having its principal place of business in the city of Omaha, state of Nebraska, and that it is not doing business within the state of Washington. The evidence shows that respondent is manufacturing merchandise in' the state of Nebraska, and is selling merchandise at wholesale in that state and other states, including the state of Washington; that its representatives take orders for merchandise and forward the same to respondent at Omaha for acceptance or rejection; that if the order is accepted, the merchandise is shipped from Omaha, Nebraska, to the purchaser, to whom it is sold upon credit; that the contract of sale is consummated in Omaha; that respondent has salesmen who solicit orders in the state of Washington; that its principal salesman is one Edward J. Bussey, who has offices in the cities of Seattle and Spokane, where he keeps and exhibits samples belonging to respondent; that he solicits orders throughout this state, sometimes taking trips to do so; that sometimes, in the interest of economy, he pays the expenses of proposed customers from their places of residence to Spokane or Seattle, where he exhibits the samples and receives their orders; that all such orders, when taken, are forwarded to respondent at Omaha for its approval, and for shipment of goods; that respondent's agents are not entitled to complete sales, to extend credit, or make collections, but that they represent respondent only in soliciting orders. . . . Under such facts, it has been repeatedly held that a corporation is not doing business in the state where the goods are delivered."

Upon the record, we are of the opinion that the relators are entitled to have the action against them transferred to King county. It is therefore ordered that the peremptory writ issue.

MITCHELL, TOLMAN, BEALS, and STEINERT, JJ., concur.