[No. 26927. Department Two. January 24, 1938.]

THE STATE OF WASHINGTON, *on the Relation of The Seattle Baseball Club, Inc., Plaintiff,* v. THE SUPERIOR COURT FOR YAKIMA COUNTY, *Dolph Barnett, Judge, Respondent.*[1]

MILLARD, J., dissents.

*Isham N. Smith,* for relator.

*Rigg, Brown & Halverson,* for respondent.

BEALS, J.—The Seattle Baseball Club, Inc., is a corporation organized and existing under and by virtue of the laws of the state of Washington, having its principal place of business in the city of Seattle. The business of the corporation is to own and operate a professional baseball team.

August 9, 1937, the team owned by the corporation participated in a baseball game in the city of Yakima,

[1]Reported in 75 P. (2d) 929.

and on that day one George Burns instituted an action in the superior court for Yakima county against the Seattle Baseball Club, Inc., and caused a copy of the summons and complaint to be served upon the manager of the team in Yakima county. The defendant corporation thereafter appeared specially in the action and moved to quash the service of summons, basing its motion upon affidavits stating that the principal place of business of the corporation was in King county, and that it never transacted business, nor had an office for the transaction of business, in the county of Yakima.

Prior to argument upon this motion, the plaintiff in the action caused a summons and complaint to be served upon one of the statutory officers of the corporation in King county. The defendant corporation, again by way of a special appearance, moved to quash the second service of summons, which motion was by the trial court denied.

Thereafter, the corporation, at all times preserving its rights under its special appearance, demanded a bill of items, and demurred to the plaintiff's complaint, and upon the denial of these motions, still preserving its special appearance, filed its answer, denying the material allegations of plaintiff's complaint, and by way of an affirmative defense, pleaded that it was a Washington corporation, having its principal place of business in King county; that it had played one exhibition game of baseball, and one only, in Yakima county; and that it had never maintained any agent within that county. It also pleaded that the matters and transactions referred to in the plaintiff's complaint did not arise in Yakima county, nor did they relate to any business or other transaction of the corporation within that county. These allegations were not denied by the reply, and therefore stand admitted.

The action before the superior court standing thus, the corporation defendant in that action applied to this court for a writ of prohibition, setting forth the facts above stated. Upon this showing, an alternative writ was issued, requiring the superior court of Yakima county, Honorable Dolph Barnett, Judge, to show cause before this court why a writ should not issue, restraining and prohibiting the superior court from any further proceedings in the action pending before it. The respondent, in response to the order, moved to quash the same and asked that the application for the writ be dismissed, upon the ground that the petition fails to state facts sufficient to entitle the relator to the relief sought, or to any relief. Upon this record, the matter has been regularly submitted to this court for decision.

Relator relies upon the case of *McMaster v. Advance Thresher Co.*, 10 Wash. 147, 38 Pac. 760, in which it was held that actions against corporations were governed by §§ 160 and 161 of the Code of Procedure, which sections read as follows:

"Sec. 160. An action against a corporation may be brought in any county where the corporation has an office for the transaction of business, or any person resides upon whom process may be served against such corporation, unless otherwise provided in this Code."

"Sec. 161. In all other cases the action must be tried in the county in which the defendants, or some of them, reside at the time of the commencement of the action, or may be served with process, subject, however, to the power of the court to change the place of trial, as provided in §§ 162 and 163 of this Code."

The court also cited § 162, which reads as follows:

"If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and demurs or answers,

files an affidavit of merits, and demands that the trial be had in the proper county."

It was conceded that the action was brought under the provisions of § 160, which was the only law on the subject, but it was contended that the corporation defendant could take advantage of the situation only by filing an affidavit of merits and demanding that the trial be had in the proper county, in accordance with the terms of § 162. The court, after considering the then law and former acts, held that § 160 was a jurisdictional law and not one of venue, and reversed the judgment of the superior court against the corporation, with instructions to dismiss. The court observed that it could reasonably be contended that there was no reason for the distinction which the court held existed between actions against corporations and other actions, but that apparently the legislature had created such a distinction, and that the conclusion reached by the court could not be avoided.

By chapter 42, Laws of 1909, p. 69, the section of the Code of Procedure relating to actions against corporations was amended to read as follows:

"An action against a corporation may be brought in any county where the corporation transacts business or transacted business at the time the cause of action arose; or in any county where the corporation has an office for the transaction of business or any person resides upon whom process may be served against such corporation, unless otherwise provided in this code."

The section governing suits against corporations still stood as a complete section, its scope being merely extended.

In the case of *State ex rel. Seattle Nat. Bank v. Joiner*, 138 Wash. 212, 244 Pac. 551, this court considered a question similar to that here presented, and issued its writ prohibiting the superior court of Skagit

county from assuming or asserting any jurisdiction over the defendant corporation, which had applied to this court for the writ. The case of *McMaster v. Advance Thresher Co., supra,* was cited, and many other authorities from this and other states were considered. The court refused to depart from the rule laid down in the *McMaster* case, saying:

"We therefore must conclude that, until the proper lawmaking power sees fit to establish a contrary rule, a corporation cannot be sued except as provided for in § 206 [Rem. Comp. Stat.], and that joining a corporation in a county not covered by the provisions of that section with a resident defendant does not give the court of that county jurisdiction over such corporation."

In the case of *Lucas v. Luckenbach Steamship Co.,* 141 Wash. 504, 252 Pac. 526, this court, sitting *En Banc,* again referred to the *McMaster* case and other of our decisions, including the case last above cited, stating that we had uniformly held that the statute was more than a mere statute relating to venue, and was in effect a statute relating to jurisdiction; and that the superior court was without power to enter a valid judgment against the corporation, unless it appeared that the corporation had been sued in the county in which one or more of the statutory requisites appeared. In the case last cited, it was held that the corporation, defendant and appellant in the action, had in fact transacted business in the county in which it had been sued, but the position of the court in connection with the statute above quoted was clearly stated. The case last cited was decided January 5, 1927, while the case of *State ex rel. Seattle Nat. Bank v. Joiner, supra,* had been decided on March 26, 1926.

Chapter 173, Laws of 1927, p. 194, reads in part as follows:

"Section 1. An action may be brought in any county in which the defendant resides, or, if there be more than one defendant, where some one of the defendants resides at the time of the commencement of the action. For the purpose of this act, the residence of a corporation defendant shall be deemed to be in any county where the corporation transacts business or has an office for the transaction of business or transacted business at the time the cause of action arose or where any person resides upon whom process may be served upon the corporation, unless hereinafter otherwise provided." Rem. Rev. Stat., § 205-1 [P. C. § 8542-1].

"Sec. 3. If an action is brought in the wrong county, the action may nevertheless be tried therein unless the defendant, at the time he appears and demurs or answers, files an affidavit of merits and demands that the trial be had in the proper county." Rem. Rev. Stat., § 208 [P. C. § 8542-3].

These sections are practically identical with the corresponding sections of Rule I, Rules of Pleading, Procedure and Practice adopted by this court January 14, 1927, and appearing in 140 Wash. xxxv and 159 Wash. lvii.

It is appropriate to observe that this court, in the case of *State ex rel. Seattle Nat. Bank v. Joiner, supra,* in plain words called the attention of the legislature to the law as then and theretofore interpreted by this court, and invited the attention of the lawmaking power to that rule of procedure. Within a short time thereafter, the legislature enacted chapter 173, Laws of 1927, p. 194, above quoted. Section 1 of this statute combines §§ 160 and 161 of the Code of Procedure under which the case of *McMaster v. Advance Thresher Co., supra,* was decided, and repealed chapter 42, Laws of 1909, p. 69, *supra,* which had theretofore stood as a separate statute governing the institution of actions against corporations.

In the case of *State ex rel. Paraffine Companies v.*

*Wright,* 184 Wash. 69, 49 P. (2d) 929, this court considered an application for a writ of mandate to compel the superior court for Thurston county to grant a change of venue to King county. The application was made by a foreign corporation, which had, in the superior court, moved for a change of venue, which motion had been, by the superior court, denied. This court held that the record showed that the corporation was not transacting business in Thurston county and granted the writ asked for. Under the old statute, the action should have been dismissed.

In two cases, *State ex rel. Gurr v. Superior Court,* 155 Wash. 121, 283 Pac. 689, and *State ex rel. Commercial Credit Co. v. Superior Court,* 155 Wash. 124, 283 Pac. 690, this court held that the act of 1927, *supra,* did not apply to special actions, such as, respectively, an action for divorce and an action for the foreclosure of a chattel mortgage, the venue of which was provided for by other statutes.

Careful consideration of the act of 1927 and of the rule of this court above quoted convinces us that, by reasonable construction thereof, it should be held that the strict rule of former times has been changed, and that it is now the law that a corporation sued in the wrong county is limited, as are other defendants, to an application for a change of venue. Both the statute and the rule state, in clear, logical sequence, the procedure to be followed, individual defendants and corporations being both referred to in the same section, and § 3 manifestly referring to both classes.

In the former statutes, the venue in actions against corporations is first clearly stated. Then, in the succeeding section, the venue in actions "in all other cases" is fixed, this section referring to the power of the court to change the place of trial, as provided in the following section. Under this law, there was reason

for the court laying down the rule that, as to corporations, the statute was one of jurisdiction and not of venue. Under the procedure as now fixed, both by statute and rule of practice, corporations and natural persons are grouped together in the same section, and a reasonable construction of the law, considered as a whole, brings us to a different result than that at which the court arrived under the old law.

We accordingly hold that the rule has been changed, and that a corporation sued in the wrong county must seasonably apply for a change of venue under the same rules as a natural person.

The application for the writ is accordingly denied, and this proceeding dismissed.

BLAKE, ROBINSON, and SIMPSON, JJ., concur.

MILLARD, J. (dissenting)—I dissent. The question is one of jurisdiction, not venue. I can not agree that we may, by rule,—the legislature has not granted to the superior court the power to entertain this action— legislate jurisdiction.